## 57434. DANIELS v. THE STATE.

WEBB, Presiding Judge.

Daniels was indicted and tried for murder. Relying principally upon defenses of justification and good character, he was convicted of involuntary manslaughter, and appeals. We find no reversible error and affirm.

1. It was discretionary with the trial judge to allow Deputy Kennedy, the named prosecutor in the case, to remain in the courtroom after testifying and to testify again on rebuttal, and we find no abuse thereof. *Alexander v. State,* 239 Ga. 108, 110 (2) (236 SE2d 83) (1977). The defense attorney agreed to Deputy Kennedy's being exempted from the rule of sequestration if he testified first, but not if he testified last. However, when this witness was recalled for rebuttal at the end of trial no objection was made, and any violation of the rule must now be deemed waived. *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367) (1973).

2. Daniels insists that the court erred in refusing to let him introduce as one element of proof of good character testimony that he had no arrest record or prior trouble with the law. We find no error.

" 'Where character is put in issue, the direct examination must relate to general reputation, good or bad, as the case may be;' and 'particular transactions, or statements of single individuals,' can not be brought into the inquiry except on cross-examination, 'in testing the extent and foundation of the witness's knowledge and the correctness of his testimony on direct examination.' [Cits.] Nothing to the contrary was held in *Powell v. State,* 101 Ga. 9 (1,a) (29 SE 309), 65 Am. St. R. 277, where this rule was recognized. Therefore the court did not err in excluding testimony by the mother of the defendant, on direct examination, that he 'had never been in trouble prior to the time that he and . . . the deceased had their trouble.' " *Wilson v. State,* 190 Ga. 824, 829 (3) (10 SE2d

861) (1940).

3. The charge as a whole was sufficient to render harmless the failure to give specified instructions complained of here. *Cohran v. State,* 141 Ga. App. 4, 5 (2) (232 SE2d 355) (1977).

4. The evidence amply supported the verdict of guilty and the trial court did not err in overruling the motion for new trial on any ground assigned.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 6, 1979 — DECIDED MARCH 13, 1979 — REHEARING DENIED MARCH 26, 1979 — ▮

*Randall M. Clark,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, E. Jerrell Ramsey, Amanda F. Williams, Assistant District Attorneys,* for appellee.