## 69665. WEBSTER v. THE STATE.
### (330 SE2d 168)

CARLEY, Judge.

Appellant was convicted of burglary and rape. His motion for new trial was denied and he appeals. The sole enumeration of error is that the trial court erred in failing to grant appellant's motion for new trial on the ground that the State had withheld exculpatory evidence which should have been produced in response to a *Brady* motion. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The information which appellant alleges was wrongfully withheld in-

cludes the victim's description of her assailant, which description was given by the victim to two police officers immediately following the attack upon her. Appellant also asserts that the State wrongfully withheld written statements given to the police by two of appellant's witnesses at trial.

In response to a defendant's general request for any exculpatory information, as was made in the instant case, the State "must disclose evidence which creates a reasonable doubt of guilt which did not otherwise exist. [Cits.]" *Radford v. State*, 251 Ga. 50, 52 (4) (302 SE2d 555) (1983). The test is whether the evidence was so important that the failure to disclose it prevented the accused from receiving a constitutionally guaranteed fair trial. *McClesky v. State*, 245 Ga. 108, 112 (4) (263 SE2d 146) (1980).

In the present case, even assuming without deciding that the evidence at issue created a reasonable doubt of appellant's guilt, we find no reversible error. "The evidence he sought to inspect was *introduced to the jury in its entirety*, and a favorable inference, if any, could [have been] drawn by the jury. [Cit.]" (Emphasis supplied.) *McClesky v. State*, supra at 113. Appellant has not shown how the lack of this information prior to trial so impaired his defense that he was denied a fair trial. See *McCullough v. State*, 162 Ga. App. 866, 867 (1) (293 SE2d 455) (1982); *Hicks v. State*, 232 Ga. 393, 396 (207 SE2d 30) (1974).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 1, 1985.

*Michael C. Clark*, for appellant.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney*, for appellee.