## 73595. BAINE v. THE STATE.
### (354 SE2d 177)

BIRDSONG, Chief Judge.

George Baine, a volunteer custodian at the Cohutta Elementary School, was convicted of three counts of child molestation and sentenced to 15 years, five to serve followed by ten on probation. He brings this appeal, enumerating six asserted errors by the trial court. *Held*:

1. Though denied by Baine, the jury was warranted in believing that during the school year running from August 1985 until February 1986, Baine on one or more occasions "hugged" approximately six minor girls, aged 10 and 11; and while hugging these children, he would run his hand under their arm and squeeze their breasts and on one or more occasions placed his hand under the child's clothing and touched the breast directly. After his arrest in February 1986, and during interrogation concerning these incidents, Baine admitted touching at least three children on the breasts while hugging them. He admitted that he knew this form of contact was wrong and stated

he did it because the girls were so friendly toward him.

Appellant does not raise the issue of the sufficiency of the evidence. However, we have examined the transcript and find the evidence amply sufficient to convince any rational trier of fact of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Rather than complain of the sufficiency or insufficiency of the evidence, Baine urges error concerning six procedural rulings made by the trial court. The first of these and the subject of Enumeration 1 complains that the trial court erred in allowing the State to play to the jury a commercially produced video tape which involved several television personalities discussing child abuse. In context, this tape is or is not relevant depending upon whether the complaints of the minor children were authentic or fabricated. During a week of February 1986, a behavior specialist presented a four-hour (one hour per day) presentation to third, fourth and fifth graders in the Cohutta Elementary School. The first hour involved the playing of a professional or commercially produced video tape reassuring children that it was all right to complain as to abuse whether the result of neglect, sexual or physical. This tape involved comments by personalities such as "the Fonz," Mariette Hartley, Yogi Bear, etc. designed to place the child at ease and encourage disclosure of painful experiences. There were parts of the tape not played to the jury which encouraged parents to believe children and not disregard their complaints because the complaint may relate to an adult.

Baine complains in this enumeration that by virtue of the attractiveness of the public personalities, the children (victims) were more likely to fabricate a story. But, more importantly he complains that he was denied the right to confront the witnesses on the tape and subject them to cross-examination. We find this enumeration to be without merit. The issue confronting the jury was whether the tape might have suggested a fabricated story or was solely designed to overcome a reluctance by a child to relate sexually oriented abuse. Thus the tape itself was responsive to the issue and would help the jury determine more accurately why the children made the report, both as to content and time inasmuch as the asserted molestations may have occurred a substantial time before the complaint was made. Secondly, there was no intent to establish the truth of anything that was presented in the tape; thus Baine was not denied a right of cross-examination to contest the truth or falsity of the content of the tape. It was offered solely for the purpose of explaining the children's conduct and their belated disclosure of Baine's sexual conduct. When regarded in this light, there was no error in allowing the relevant portion of the tape to be shown to the jury for the limited purpose for which it was shown. *Momon v. State*, 249 Ga. 865 (294 SE2d 482).

2. During the course of the trial, the State offered the testimony of three children who complained of sexual molestation but who were not the subject of charges against Baine. This evidence was offered and admitted for the sole purpose of showing intent and course of conduct. Baine sought to introduce evidence of specific instances of his own conduct which would show he had not molested small girls on other occasions. The trial court excluded evidence of specific instances of good conduct relating to this trait. Baine complains that this gave an unfair advantage to the prosecution.

We find no error in the exclusion of this testimony upon the grounds sought for admission by Baine. OCGA § 24-2-2 limits character to evidence of reputation. Proof of Baine's conduct in other transactions by evidence of specific instances of such conduct is not authorized by OCGA § 24-2-2, but amounts to self-serving declarations of non-culpability to prove a trait of character. This court has previously held that exclusion of specific acts to prove a general trait of character is a wise rule. *Stanley v. Hudson*, 78 Ga. App. 834, 836 (52 SE2d 567). Moreover, we note that appellant was indeed allowed to offer evidence that he had babysat with small females (including one of the asserted uncharged victims) and generally denied that he had ever molested any children.

3. After Baine had closed his evidence, the trial court allowed the State to call six witnesses in rebuttal. Appellant objected to these witnesses testifying because they had not been identified to him pursuant to his demand for a list of witnesses.

We have closely examined the testimony of each of these witnesses and find that each witness contradicted some portion of Baine's direct testimony. Thus, they were properly called as rebuttal witnesses. It has repeatedly been held that calling unlisted witnesses in rebuttal is not error and does not violate OCGA § 17-7-110. *Forney v. State*, 255 Ga. 316, 317 (338 SE2d 252).

Baine enumerates as a separate error the rebuttal testimony of one witness who testified as to an incident that was not charged. The fact that the incident was not the subject of the charge against Baine does not alter the rule that the State may impeach any witness by showing that a sworn testimonial statement is incorrect. It is clear the testimony of this last rebuttal witness contradicted the testimony offered by Baine concerning this child. As such the testimony was properly admitted in the rebuttal. *Murray v. State*, 253 Ga. 90 (2) (317 SE2d 193).

4. In Enumertion 5, Baine complains that the court erred in denying a motion for mistrial when one of the State's witnesses repeated an out-of-court statement that Baine had been suspected for quite a while but no one could prove it.

Upon objection by the defense, the trial court sustained the ob-

jection and charged the jury to disregard the comment. Appellant did not seek further instructions by the court or renew its previously made motions for mistrial. The action by the trial court has on many occasions been considered a sufficient remedy in the absence of a request for further or more drastic action by the trial court. *Arnold v. State*, 163 Ga. App. 10 (3) (293 SE2d 501); *Grayson v. State*, 159 Ga. App. 138 (1) (282 SE2d 755); *Chandler v. State*, 143 Ga. App. 608 (2) (239 SE2d 158).

5. In his last enumeration of error, Baine contends he was denied due process and equal protection of the law because the State used its peremptory strikes to remove all but one of the males from the jury which tried this case.

Initially, we observe that Baine made no objection during or after selection of the jury as to the use by the State of its peremptory challenges and certainly not that such challenges were directed towards the exclusion of all males. Objection was required to be made at trial before review on appeal may be considered. *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393).

Moreover, the transcript fails to evidence any systematic exclusion of males from the jury selected to try Baine. The State accepted three males who were struck by Baine. After the State had exhausted its strikes, Baine struck two additional males from the jury. The sole male juror was seated after both the State and the defense had exhausted its peremptory strikes. Appellant makes no contention that the five males struck were or were not acceptable. It follows that if Baine had not struck these five males from the jury by the use of his peremptory strikes, there would have been six male and six female members of the jury. There is no basis for reversal under these circumstances. *Sparks v. State*, 180 Ga. App. 467 (349 SE2d 504). There is no merit in this enumeration.

*Judgment affirmed. Sognier, J., concurs and also concurs specially. Banke, P. J., concurs specially.*

BANKE, Presiding Judge, concurring specially.

I concur in the affirmance of the appellant's conviction; however, with respect to the introduction of the video tape, my concurrence is based on certain additional facts not set forth in the majority's opinion.

From an examination of the colloquy between the trial court and defense counsel concerning the admissibility of the tape, it is apparent that it was the defense which desired to make an issue of the tape's contents, albeit without actually permitting the jury to see and hear those contents. During the course of this colloquy, the trial court noted that in cross-examining the state's witnesses defense counsel had established that it was shortly after the tape was played to the

victims and their classmates at school that the victims came forth with the disclosures which resulted in this prosecution. The court further noted that in a previous trial of the case, which had resulted in a hung jury, the defense counsel had argued to the jury that these disclosures were based on the video tape presentation rather than on reality. Only after defense counsel, upon inquiry by the court, indicated that he intended to make this same argument in the present trial did the court rule that the state would be permitted to play certain portions of the tape to the jury. Because the issue of the tape's contents was raised by the defense itself as an integral part of its case, and because the trial court specifically excluded those portions of the tape dealing with the veracity of child witnesses, I believe the court's handling of the matter was eminently reasonable and correct.

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED FEBRUARY 9, 1987 —
REHEARINGS DENIED FEBRUARY 24, 1987.

*Rickie L. Brown, William T. Elsey*, for appellant.
*Jack O. Partain III*, District Attorney, *Steven M. Harrison*, Assistant District Attorney, for appellee.