77288, 77573. DAVIS v. THE STATE (two cases).
(376 SE2d 230)

McMURRAY, Presiding Judge.

Defendant Davis appeals his conviction of the offense of child molestation. *Held:*

1. Case No. 77573 arises from a notice of appeal timely filed following the verdict and judgment against defendant. Subsequently, defendant chose to dismiss this appeal in favor of his motion for new trial. Case No. 77288 is an appeal from the verdict and judgment against defendant and from the denial of defendant's motion for new trial. Although the notice of appeal in Case No. 77288 was prematurely filed we deny the State's motion to dismiss the appeal.

2. Defendant contends the trial court erred in allowing the prosecuting attorney to qualify the jurors. See generally OCGA § 15-12-164. In *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30), the Supreme Court of Georgia held that although the trial court has ultimate responsibility for seeing that the statutory questions are put to the jurors, the trial court may delegate this responsibility to the prosecuting attorney. While defendant argues that *Hicks* should be overruled (which is not within the prerogative of the Court of Appeals of Georgia), it appears that *Hicks* continues to be the law and has recently been cited by the Supreme Court of Georgia for the proposition at issue. See *Roberts v. State*, 252 Ga. 227, 233 (fn. 3) (314 SE2d 83).

3. Defendant contends the trial court erred in "failing to enforce Defendant's right to discovery, confrontation and cross-examination." The crux of defendant's argument is that the State withheld exculpatory evidence which should have been produced in response to a *Brady* motion. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10

LE2d 215). The information which defendant alleges was wrongfully withheld involves the investigating police detective being told by the victim's mother that the victim had stated "it didn't happen."

The evidence which defendant sought was elicited during the trial. As the evidence was made available for the jury's consideration and defendant has not shown how the lack of this information prior to trial so impaired his defense that he was denied a fair trial, we find no reversible error. *Webster v. State*, 174 Ga. App. 427, 428 (330 SE2d 168); *Hicks v. State*, 232 Ga. 393, 396, supra.

Additionally, we can find no violation of defendant's rights to confrontation or cross-examination in the failure of the State to call as a witness the police detective to whom the mother's statement was made. Nor do we find accurate defendant's contention that the State failed to comply with an order of the trial court to produce the police detective for cross-examination regarding the information at issue. While obtaining the police detective's testimony was discussed by the trial court no order was made requiring the detective's presence.

4. The trial court properly sustained the State's relevancy objection to evidence which defendant sought to elicit, during direct examination of his witness, to prove that defendant does not have tendencies to molest little girls. The evidence which defendant sought to elicit, whether a specific little girl other than the victim was afraid of defendant, was not the proper method of proving defendant's good character. Good character must be established by evidence of defendant's general reputation. *Daniels v. State*, 149 Ga. App. 463 (2) (254 SE2d 488); *Simpkins v. State*, 149 Ga. App. 763 (1) (256 SE2d 63); *Taylor v. State*, 176 Ga. App. 567, 569 (3), 570 (336 SE2d 832). Defendant's third and fourth enumerations are without merit.

5. In support of his motion for new trial defendant presented the testimony of the victim who admitted to having recanted her testimony after trial. However, the victim also testified at the hearing on the motion that defendant had molested her and that she had recanted because of the undue influence of certain adults. " '(A) posttrial declaration by a state witness that his former testimony was false is not a cause for a new trial. (Cits.)' *Porter v. State*, 167 Ga. App. 697, 699 (2) (307 SE2d 515)." *Carruth v. State*, 182 Ga. App. 786 (1) (357 SE2d 122). The trial court did not err in denying defendant's motion for new trial.

6. Defendant's sixth and seventh enumerations of error purport to address rulings made by the trial court. However, defendant has failed to comply with Rule 15 (c) (3) of the Rules of the Court of Appeals of the State of Georgia by referring this court to where these rulings are located in the record or transcript. While we have attempted to find these rulings and failed, we hold that these enumerations being unsupported by the record may not be considered. *Dow-*

*dell v. State*, 180 Ga. App. 250, 251 (3) (349 SE2d 10).

Judgment affirmed in Case No. 77288. Appeal dismissed in Case No. 77573. *Pope and Benham, JJ., concur.*

DECIDED DECEMBER 2, 1988.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.