## A89A0481. WARE v. THE STATE.
(383 SE2d 368)

POPE, Judge.

Defendant Randall Ware appeals from his conviction and sentence for the offense of child molestation. *Held*:

1. Defendant first contends that the State used its peremptory strikes in a racially discriminatory manner in violation of the mandate of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Although the record in this case is somewhat incomplete, it does reveal that of the 42 prospective jurors, four, or 9.5 percent were black. The State struck three blacks through the use of peremptory challenges and the jury impanelled was composed of eleven whites and one black. Thus 8.3 percent of the jury that tried the defendant was black. The disparity between the percentage of blacks on the panel and the percentage of blacks on the jury was slightly more than one percent. We agree with the trial court that this disparity was insufficient to establish a prima facie showing of racial discrimination in the State's exercise of its peremptory challenges. Accord *Williams v. State*, 258 Ga. 281 (6) (368 SE2d 742) (1988); *Aldridge v. State*, 258 Ga. 75 (4) (365 SE2d 111) (1988); *Stewart v. State*, 190 Ga. App. 162 (1) (378 SE2d 387) (1989); cf. *Burgess v. State*, 189 Ga. App. 790 (4) (377 SE2d 543) (1989).

Moreover, assuming arguendo that defendant did establish a prima facie case of racial discrimination (albeit a weak one), on appeal the defendant challenges the "racially neutral" explanation offered by the State only as to one of the three veniremen struck. The prosecuting attorney stated he struck that juror because she was similar in age to the defendant, because she was divorced, and because of a "concern" about her attitude, specifically that she did not act interested in the proceedings.

As the Supreme Court stated in *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987), "[a] court charged with the duty of determining whether the prosecutor has rebutted a prima facie case may be less troubled by one relatively weak explanation for striking a black juror when all the remaining explanations are persuasive than where several of the prosecutor's proffered justifications are questionable. Similarly, a weak prima facie case may be rebutted more readily than a strong one." Id. at 327. See also *Bess v. State*, 187 Ga. App. 185 (1) (369 SE2d 784) (1988). Accordingly, and giving the trial court's findings great deference, as we must on appeal (see e.g., *Kincey v. State*, 191 Ga. App. 300 (381 SE2d 439) (1989); *Glanton v. State*, 189 Ga. App. 505, 507 (1) (376 SE2d 386) (1988)), we agree that the trial court's denial of defendant's *Batson* motion was not erroneous and must be affirmed.

2. Defendant next argues that the trial court committed revers-

ible error by allowing the State to introduce into evidence a videotape of an interview between the victim and an officer investigating the alleged offense. Specifically, defendant contends that the evidence lacked "sufficient indicia of reliability" as provided by OCGA § 24-3-16, the Child Hearsay Statute. We find no merit to this enumeration. The record in this case shows that the child was available, and did in fact testify at trial, and that the circumstances surrounding the videotape of the interview as testified to by the investigating officer provided sufficient indicia of reliability of the statements therein. Contrary to defendant's assertions, conflicts between the videotaped statement and the testimony of the child at trial would not necessarily render the former inadmissible, but would rather present a question of credibility of the witness to be resolved by the trier of fact, here the jury. We find no error in the trial court's admission of the evidence complained of. Accord *Celis v. State*, 186 Ga. App. 866 (2) (369 SE2d 53) (1988); see also *Reynolds v. State*, 257 Ga. 725 (2) (363 SE2d 249) (1988); *Bess v. State*, supra; *Windom v. State*, 187 Ga. App. 18 (2) (369 SE2d 311) (1988).

3. We find no merit to defendant's argument that the trial court erred by not allowing one of his character witnesses to testify concerning his reputation for molesting children. See *Baine v. State*, 181 Ga. App. 856 (2) (354 SE2d 177) (1987). Moreover, the witness did subsequently testify that he had never witnessed the defendant "do anything out of the ordinary" around young children. This enumeration affords no basis for reversal.

4. "[Defendant] contends that the trial court erred in allowing the jury, upon request, to rehear the victim's testimony on direct, but not cross-examination. The jury is entitled to designate the testimony which it desires to rehear, in the absence of special circumstances which might work an injustice. See *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631) (1976); *Wilkerson v. State*, 165 Ga. App. 14 (299 SE2d 67) (1983). We find no special circumstances in the instant case requiring the replay of the cross-examination of this witness against the jury's wishes. Accordingly, this enumeration of error is without merit." *Harris v. State*, 173 Ga. App. 787, 789 (328 SE2d 370) (1985).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 19, 1989.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.