S97A0907. LOWRY v. HAMILTON.
(489 SE2d 827)

HINES, Justice.

This is an appeal from the unsuccessful caveat of a will. For the reasons which follow, we affirm the admission of the will for probate.

Sara Ahlgren Wingard executed her final will in June 1994, and passed away in September of that year. She was survived by her three adult children, Sara Constance Wingard Hamilton, Carolyn Wingard Lowry, and Karl Harold Wingard, Jr. Ms. Wingard bequeathed and devised the greatest share of her estate to Hamilton, who was also named as executor. In a letter to her children, Ms. Wingard explained that she had provided disproportionately for Hamilton because Lowry and her brother were more financially secure than Hamilton, Hamilton needed her financial assistance, and because Hamilton took care of her in the last two years of her life. Hamilton filed a petition to probate the will in solemn form and Lowry filed a caveat. The brother was not a party to the caveat proceeding.

The caveat asserted that Ms. Wingard lacked testamentary capacity to execute the will; that the will was the result of a fraud perpetrated upon Ms. Wingard by Hamilton; that Ms. Wingard was operating under mistakes of fact when she signed her will; and that Hamilton unduly influenced Ms. Wingard into executing it. Following a bench trial, the probate court rejected all claims in the caveat, established in solemn form the will as proven, and allowed Hamilton

---

[34] *Thompson,* supra.

to qualify as executor.

1. Lowry fails in her complaint that the probate court erred by excluding relevant and important evidence contained in a diary kept by Hamilton over the two-year period that Ms. Wingard lived with Hamilton. Contrary to Lowry's assertion, the court did not blanketly refuse to consider evidence regarding any portions of the diary that did not specifically state that the thoughts expressed were discussed with Ms. Wingard. Hamilton testified that she maintained the diary as therapy during this time when she was dealing with her mother's terminal illness and a difficult divorce, and the probate court stated that it would not entertain evidence of Hamilton's thoughts which were unrelated to the issues on trial. The court individually assessed the excerpts for relevance and considered direct communication to the mother as a factor.

Even in the case of a jury trial, the question of relevance is for the trial court and its determination to exclude evidence will not be disturbed on appeal absent an abuse of discretion. *Friedman v. Friedman*, 259 Ga. 530, 532 (3) (384 SE2d 641) (1989). Lowry has not shown that the probate court, sitting as finder of fact as well as law, abused its discretion in its attempt to limit exploration of Hamilton's personal diary to evidence of Ms. Wingard's state of mind and Hamilton's conduct bearing on execution of the will.

2. Nor does Lowry demonstrate, in light of the evidence at trial, that the probate court erred in its rejection of claims of undue influence, fraud, or mistakes of fact, and that by its ruling, the court rendered it impossible to invalidate a will. The findings of fact in a non-jury trial are analogous to a jury verdict and will not be interfered with if there is any evidence to support them. *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994). Here, there is ample support for the probate court's determinations.

Lowry urges that her mother was operating under mistakes of fact about her children, caused by Hamilton's repeated misrepresentations and omissions regarding her own divorce and the actions of her siblings, and that the serious untruths in light of Ms. Wingard's vulnerable mental and physical state amounted to undue influence. But the record is replete with evidence that Ms. Wingard was of sound mind and strong will during the time she lived with Hamilton and when she made her final decision about the testamentary distribution, making her capable of independently judging the character and conduct of her children. She too had read Hamilton's divorce settlement and was able to make her own assessment of Hamilton's financial situation. Moreover, there was no evidence that Ms. Wingard believed or relied upon any negative statements made by Hamilton or that Hamilton ever asked her mother to change her will or to leave her more than the other children. On the contrary,

the evidence is that the unequal distribution was not the result of ill feeling but rather born of rational concern for Hamilton and gratitude for her care.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Roberts, Isaf & Summers, Lawrence E. Newlin, Jill D. Prussack,* for appellant.

*Rumsey & Ramsey, Penelope W. Rumsey,* for appellee.