## A98A1039. SHELNUTT v. THE STATE.
### (506 SE2d 643)

RUFFIN, Judge.

A jury found Dennis Shelnutt guilty of child molestation. Shelnutt appeals, asserting that there is insufficient evidence to support his conviction and that the trial court made erroneous evidentiary rulings. For reasons which follow, we affirm.

The record shows that, according to the victim, Shelnutt provided his daughter and the victim, a 15-year-old friend of Shelnutt's daughter, alcoholic beverages during a Friday night sleepover at Shelnutt's home. After becoming intoxicated, the victim went upstairs to use the bathroom. After using the bathroom, the victim went into a spare bedroom and fell asleep. The victim testified that she was wearing a shirt, shorts, underwear and a bra at the time she fell asleep. When the victim awakened during the night, she discovered that Shelnutt was sitting beside her on the bed. Her legs were propped up and Shelnutt "had his hands inside of me." The witness testified that this meant her vagina. She told Shelnutt to leave her alone and tried to move away from him. Shelnutt told her to relax and be quiet. The victim then blacked out or went back to sleep. When she awakened a second time, Shelnutt was doing the same thing and she tried to get away from him before blacking out or falling asleep again. When the victim woke up the next morning, she was wearing only a shirt and underwear. Her shorts were at the foot of the bed and her bra was lying on the floor beside the bed. The victim reported these events to her mother, uncle and the police the next day.

Shelnutt denied molesting the victim. According to Shelnutt, he checked on the victim several times after she went to sleep in the spare room. On several of these occasions, the victim stated that she felt sick and Shelnutt assisted her to the bathroom. Shelnutt testified that during one of the visits to the bathroom, the victim started to unfasten her pants to go to the bathroom. He claims that he stepped outside and then heard a thump. He entered the bathroom after he asked the victim if she was okay and received no response. The victim was sitting on the floor slumped over and had urinated on the floor. Her shorts and underwear were pulled down around her ankles. Shelnutt reached under her arms, placed her back on the toilet and stepped out of the room again. He waited a minute, knocked on the door and received no response. He then entered the bathroom and picked up the victim to take her back to bed. He pulled up her underwear and kicked her shorts off because it was difficult to drag her back to the spare room with her shorts around her ankles. After placing the victim in bed for the last time, Shelnutt went to sleep. He claims that he did not ask his girlfriend, who was asleep in another

room, to assist the victim in the bathroom because "I'm the one that takes care of the kids. I mean, I do everything for the kids. I felt like I could handle it."

1. Shelnutt contends that the trial court erred when it refused to allow him to present witness evidence of his experience in caring for young girls. During the testimony of Daphne Jenkins, a friend of Shelnutt's girlfriend, Shelnutt's attorney asked Jenkins if Shelnutt had ever been around her six-year-old daughter. The state objected on relevancy grounds. A colloquy ensued between counsel and the court, during which Shelnutt's attorney related that he sought to explain, through Jenkins and other witnesses, that Shelnutt was a nurturing "Mr. Mom" type who had raised and cared for girls. According to Shelnutt's attorney, this evidence would explain Shelnutt's alleged conduct in personally assisting the victim in the bathroom, instead of asking his girlfriend to do it. The trial court excluded this evidence on the grounds that character witnesses for the defense cannot testify about specific instances of conduct by the defendant during direct examination.

We find no abuse of discretion by the trial court in disallowing this evidence. See *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). "OCGA § 24-2-2 limits character evidence to evidence of reputation. Proof of [Shelnutt]'s conduct in other transactions by evidence of specific instances of such conduct is not authorized by OCGA § 24-2-2, but amounts to self-serving declarations of non-culpability to prove a trait of character. This court has previously held that exclusion of specific acts to prove a general trait of character is a wise rule. *Stanley v. Hudson*, 78 Ga. App. 834, 836 (52 SE2d 567)." *Baine v. State*, 181 Ga. App. 856, 858 (2) (354 SE2d 177) (1987). See also *Ware v. State*, 191 Ga. App. 896, 897 (3) (383 SE2d 368) (1989) (holding trial court properly prohibited character witness of defendant from testifying "concerning his reputation for [not] molesting children").

Moreover, "[h]arm as well as error must be shown for reversal. [Cit.] Because other testimony bearing on this issue was admitted, [through Shelnutt,] we find it highly probable that the exclusion of . . . [Shelnutt's experience in caring for young girls] did not contribute to the jury's verdict. [Cit.] Consequently, even if the trial court's ruling was error, it was harmless." *Perguson v. State*, 221 Ga. App. 212, 217 (4) (470 SE2d 909) (1996).

2. Shelnutt contends that there is insufficient evidence to support his child molestation conviction. " 'On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant . . . no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility, but only determines whether the evidence is sufficient under the standard of *Jackson v.*

*Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury verdict's will be upheld.' [Cit.]" *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997). We find that there was sufficient evidence to convict Shelnutt. Id.

3. Shelnutt contends that the trial court erred because he was not permitted to introduce evidence that he cooperated with a Department of Family & Children Services investigation. The evidence sought to be admitted, the trial court's alleged ruling and any objection by Shelnutt's counsel are not a part of the record. " ' "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41. (Cit.)" ' [Cit.]" *Ney v. State*, 227 Ga. App. 496, 499 (3) (489 SE2d 509) (1997). Accordingly, the issue raised in this enumeration is deemed abandoned based upon Shelnutt's failure to supplement the record. Id.

4. Shelnutt contends that the trial court erred when it permitted hearsay testimony from the victim about statements made by her doctor. However, the record shows that Shelnutt elicited this testimony during cross-examination of the victim and failed to object to the victim's response. "[M]atters not objected to at trial cannot be raised for the first time on appeal." *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698) (1979). Likewise, self-induced error cannot be complained of on appeal. *Spearman v. Ga. Building Auth.*, 224 Ga. App. 801, 805 (2) (482 SE2d 463) (1997); *Levin v. State*, 222 Ga. App. 123, 125 (3) (473 SE2d 582) (1996).

5. Shelnutt contends the trial court erred in excluding Defendant's Exhibit 2.[1] This exhibit consists of a photocopy of the first page of a document titled "Complaint for Modification of Child Support and Visitation." This document appears to have been filed in the Henry County Superior Court Clerk's office by Shelnutt's ex-wife on September 25, 1996. It is incomplete because the last line ends mid-sentence and there are no signatures.

After reviewing this partial complaint, we find the trial court did not err by excluding it from consideration by the jury. "[T]he question of relevance is for the trial court and its determination to exclude evidence will not be disturbed on appeal absent an abuse of discretion.

---

[1] Although Shelnutt's counsel initially failed to provide a record cite for Exhibit 2, a record citation was provided on motion for reconsideration. See Court of Appeals Rule 27 (c) (3) (i).

[Cit.]" *Lowry v. Hamilton*, 268 Ga. 373 (489 SE2d 827) (1997). We find no abuse of discretion here, particularly when this complaint was filed by Shelnutt's ex-wife almost four months *after* the victim spent the night at Shelnutt's home.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED JULY 30, 1998 —
RECONSIDERATION DENIED OCTOBER 7, 1998.

*Ballard & Ballard, Scott L. Ballard*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, James L. Wright III, Assistant District Attorneys*, for appellee.