## A98A2389. BROOKS v. THE STATE.
### (512 SE2d 693)

SMITH, Judge.

Garland Brooks was indicted and convicted on two charges of child molestation. His motion for new trial as amended was denied, and Brooks appeals. Finding no reversible error, we affirm.

Construed to uphold the verdict, evidence presented at trial showed that Brooks and his wife babysat five-year-old K. M. while her mother worked, usually from 11:30 p.m. until 7:30 a.m. K. M.'s mother dropped K. M. off at the Brookses' home, where she would spend the night. Each morning, either Brooks or his wife would awaken K. M. and dress her, and K. M.'s mother would pick her up and take her to school. K. M. testified that while she was staying with the Brookses, after Ms. Brooks had gone to work, Brooks woke her up, "lotioned me down . . . pulled his pants off and put his penis on me." She stated that this "happened a lot of times." Approximately two months after K. M. began staying with the Brookses, she told her mother and sister about these events, and both of them testified.

1. Brooks first contends that the trial court erroneously refused to allow him to question character witnesses concerning his reputation in the community for treating children appropriately. The trial court excluded this testimony, permitting defense counsel to ask whether Brooks's reputation was "good or bad but nothing specific."

We find no error. The import of testimony that Brooks had a gen-

eral reputation for acting appropriately toward children would be that he did not have a reputation for molesting children. Such evidence is inadmissible. See *Ware v. State*, 191 Ga. App. 896, 897 (3) (383 SE2d 368) (1989). While the proffer was phrased in terms of Brooks's general reputation in the community, inherent to the issue of whether he acted appropriately toward children would be the more narrow and specific issue of his actions toward specific children. And evidence of specific acts is inadmissible to show a defendant's good character. See, e.g., OCGA § 24-9-84; *Shelnutt v. State*, 234 Ga. App. 655, 656 (1) (506 SE2d 643) (1998); *Davis v. State*, 189 Ga. App. 439, 440 (4) (376 SE2d 230) (1988); *Baine v. State*, 181 Ga. App. 856, 858 (2) (354 SE2d 177) (1987).

Moreover, in addition to an abundance of evidence that Brooks had a reputation for honesty, some evidence of his behavior around children was admitted, without objection. Several character witnesses testified on Brooks's behalf that he had a credible reputation, or a reputation for honesty, in both his business and church communities. Also, one character witness testified that Brooks had worked with her in the children's department at their church, and when asked about his reputation for honesty, she stated that he was an "honest, kind person." We find no error. See generally *Sustakovitch v. State*, 249 Ga. 273, 275 (5) (290 SE2d 77) (1982); *Ware*, supra; *Shelnutt*, supra.

2. Brooks also argues that the trial court erroneously limited his cross-examination of the victim's mother. He sought to ask this witness if "there [have] been problems in your family with child molestation." He argued that this evidence went to the victim's credibility and that this witness "was predisposed to hear something and attached a meaning to it."

As correctly argued by Brooks, we have held that "a prior act of molestation committed against the child of a witness is relevant to show any possible bias against an accused child molester that the witness may entertain, unconsciously or deliberately." *Letlow v. State*, 222 Ga. App. 339, 342-343 (2) (474 SE2d 211) (1996). But even assuming that the trial court should have allowed this cross-examination under cases such as *Letlow*, we conclude that the limitation imposed was harmless because other, unobjected-to evidence of this witness's "predisposition" was presented. She testified that she had talked with a co-worker concerning her fears about child molestation in general. Also, the victim's older sister testified that her mother had expressed fear that the older sister's boyfriend might try to harm the victim. We also note that this witness's credibility was attacked during Brooks's cross-examination of her older daughter. Previously during the trial, the victim's mother testified that she had never dealt with child molestation issues with either one of her

daughters. But her older daughter testified that this testimony was incorrect. Under these circumstances, the refusal to allow Brooks "to present cumulative or amplifying evidence was, at most, harmless error. [Cit.]" *Turner v. State*, 210 Ga. App. 303, 305 (3) (436 SE2d 229) (1993). See also *Hurston v. State*, 194 Ga. App. 226, 227 (390 SE2d 119) (1990).

3. Brooks contends he was denied effective assistance of counsel, arguing that trial counsel failed to use information contained in certain school records to attack the victim's credibility. These records, apparently prepared while the victim was in kindergarten, indicated that the victim "stretches the truth," and "copies others to know what she [is] suppose[d] to be doing."

At trial, defense counsel attempted to cross-examine the victim's mother concerning the victim's credibility by using these documents. Recognizing that the statements on the reports were not statements made by the witness, the trial court refused to allow defense counsel to ask the witness whether the victim "stretched" the truth or copied other people but did state that counsel could ask whether the witness was familiar with the victim's reputation for truthfulness and whether she would believe her under oath. Brooks argues that trial counsel was ineffective for failing to call a witness who could lay a proper foundation for this evidence; he claims that the teacher who wrote the report could have testified about the child's general reputation for veracity and that the teacher could have testified "as an expert regarding the opinions and conclusions in the report" so that the report could have been admitted under the business records exception to the hearsay rule.

Brooks correctly states the general rules governing a defendant's burden when ineffective assistance of counsel is alleged: A defendant must show that trial counsel was deficient, in other words, that counsel's "representation . . . fell below an objective standard of reasonableness and . . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted.) *Scott v. State*, 223 Ga. App. 479, 481-482 (477 SE2d 901) (1996).

We find no error in the trial court's denial of Brooks's motion for new trial on ineffectiveness grounds. It is questionable whether the information concerning the victim's credibility contained in the school records was even admissible or whether the victim's teacher could properly have testified as to this information, as such testimony could amount to the teacher's expert opinion on "the truthfulness or credibility of the victim. . . . [T]he question of a particular

child's credibility is not properly the subject of expert testimony as it is reserved for the jury. [Cits.]" (Punctuation omitted.) *Gorski v. State*, 201 Ga. App. 122, 123 (2) (410 SE2d 338) (1991). See also *Jennette v. State*, 197 Ga. App. 580, 582 (398 SE2d 734) (1990). Given the questionable nature of the information contained in these documents, we cannot conclude counsel's failure to introduce them amounted to deficient representation. But even assuming that the evidence was admissible, Brooks has not shown that the result of the trial would have been different, but for trial counsel's failure to introduce it. The victim's credibility was called into question by other means, particularly during cross-examination of the State's witnesses.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 1999 — ▬

*Mark J. Kadish,* for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney,* for appellee.