A01A1702. IN THE INTEREST OF M. E. A., a child.
(559 SE2d 759)

JOHNSON, Presiding Judge.

A petition was filed in the DeKalb County Juvenile Court charging that 16-year-old M. E. A. had committed acts that, if committed by an adult, would constitute armed robbery. An adjudicatory hearing was held before a juvenile court judge on the petition. The judge found that the evidence supported the petition, and he adjudicated M. E. A. delinquent on the charge. M. E. A. appeals from the juvenile court's delinquency adjudication, arguing that because of conflicts in the evidence there is insufficient evidence to support the adjudication and that the judge erroneously refused to allow him to introduce evidence of his general good character in the community. M. E. A.'s arguments are without merit, and we therefore affirm the juvenile court's ruling.

1. On appeal, we review the evidence in the light most favorable to the findings and adjudication of the juvenile court to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[1] Moreover, the credibility of witnesses and conflicts in the evidence are matters to be resolved by the factfinder.[2]

Viewed in favor of the juvenile court's findings, the evidence in the instant case shows that on June 15, 2000, Phillip Seiders delivered pizzas, bread sticks, and soda to a house in DeKalb County. A young male opened the front door, and Seiders stepped into the house. The young male locked the door behind Seiders, said he had to get the money to pay, and left the entryway. As Seiders waited, three

---

[1] *In the Interest of M. M.*, 240 Ga. App. 571 (524 SE2d 274) (1999).

[2] Id.; *In the Interest of B. J. G.*, 234 Ga. App. 285 (1) (506 SE2d 449) (1998).

people wearing masks, one of whom was carrying a large knife, appeared. The person with the knife ordered Seiders to give them the food and money. Seiders complied and was allowed to leave the house. He got in his car, drove back to his place of employment, and told his manager what had happened. The manager immediately called the police.

Police investigating the crime discovered that the house was actually abandoned, but that the young man who had opened the door lived across the street from the house. The young man, J. S., implicated M. E. A. and other juveniles in the crime. He identified M. E. A. as having initiated the planning of the crime and as being the masked robber who had wielded the knife. He also said that after the robbery they all went to M. E. A.'s house. Another juvenile, M. T., who was involved in the discussions before the robbery, also said that M. E. A. initiated those discussions.

The police obtained a search warrant for M. E. A.'s house. They executed the warrant and found the clothes worn by J. S. during the robbery in M. E. A.'s room. They also found the knife used during the robbery in a crawl space above M. E. A.'s room.

At the adjudication hearing, M. E. A. denied being involved in the crime. He claimed that he hid the clothes and the knife for J. S. at his house solely to help his friend. M. E. A.'s brother testified that M. E. A. was at home at the time of the robbery.

After adjudicating M. E. A. delinquent, the juvenile judge held a dispositional hearing. At that hearing, M. E. A. admitted to the court that he had participated in the robbery and that he had been the one with the knife.

Although there were conflicts in the evidence, we find sufficient evidence from which a rational trier of fact could have found, beyond a reasonable doubt, that M. E. A. committed acts that, if committed by an adult, would constitute armed robbery.[3]

2. M. E. A.'s claim that the judge refused to allow him to introduce evidence of his good character misconstrues the testimony that the judge disallowed. The judge ruled that M. E. A.'s mother could not answer questions about whether M. E. A. makes quick, irrational decisions and whether he has a learning disability. This testimony that M. E. A. sought to elicit was not good character evidence, but was evidence of his specific traits. Good character may be established only by evidence of the general reputation of the accused in the community, not by evidence of his specific acts or traits.[4] Because

---

[3] See *In the Interest of W. C. J.*, 218 Ga. App. 452, 454 (1) (462 SE2d 168) (1995).

[4] *Cargill v. State*, 255 Ga. 616, 644 (33) (340 SE2d 891) (1986); *Brooks v. State*, 236 Ga. App. 604, 605 (1) (512 SE2d 693) (1999); *Davis v. State*, 189 Ga. App. 439, 440 (4) (376 SE2d 230) (1988).

M. E. A. did not attempt to introduce evidence of his general reputation in the community, his claim of error is without merit.

Furthermore, harm as well as error must be shown in order for us to reverse the juvenile court's adjudication.[5] Given the overwhelming evidence that M. E. A. committed the armed robbery, we find no harm in the judge's exclusion of the testimony in question.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 31, 2002.

*Donald E. Smith*, for appellant.

*Gregory K. Schwarz, Solicitor-General, Lori B. Duff, Assistant Solicitor-General*, for appellee.

---

[5] *Shelnutt v. State*, 234 Ga. App. 655, 656 (1) (506 SE2d 643) (1998).