## A03A2576. FIEK v. THE STATE.
(597 SE2d 585)

ADAMS, Judge.

Defendant Gunther Fiek was convicted by a jury of eighteen counts of child molestation and three counts of aggravated child molestation. He appeals following the denial of his motion for new trial.

The evidence, construed to support the verdict, showed that the victims in this case were male children who were students in a tae kwon do class taught by Fiek. Fiek also babysat for some of the victims, and interacted socially with several of the victims' families. The majority of the victims were molested during tae kwon do classes, and most of the molestations involved Fiek touching, rubbing or fondling the victims' genitals while the victims and other children in the class were doing bending or "bridge" exercises with their eyes closed, while the victims were sitting on Fiek's lap, or while they were

alone or with several other children in an adjacent equipment room. However, several of the molestations occurred while Fiek was babysitting the victims or visiting their families for social occasions. The incidents of aggravated child molestation involved three of the victims, who testified that Fiek placed his mouth on or licked them on their penis. These incidents also occurred either in the equipment room during class or in Fiek's home.

1. Fiek first urges that "the State's use of massive amounts of hearsay evidence violated [his] constitutional right to confrontation. . . ." Specifically, Fiek argues that the trial court erred by admitting the testimony of the victims' parents about statements their children made to them about the molestations, as well as the videotaped interviews of the victims made by law enforcement investigators. The record shows that Fiek did not object to the evidence at the time it was admitted, and that defense counsel argued at the beginning of the trial that the videotapes were "important" to Fiek's defense to show that the children were unduly influenced. However, after the State rested, Fiek urged the court to exclude this evidence, arguing that it lacked sufficient indicia of reliability for admission under the Child Hearsay Statute, OCGA § 24-3-16.

Pretermitting any issue concerning the timeliness of the objection, we find the record supports the trial court's determination that both the testimony of the parents and the videotaped interviews of the children were sufficiently reliable to authorize admission under the Child Hearsay Statute. In *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991), we listed ten factors that the trial court may consider in determining whether a child's out-of-court statement provides sufficient indicia of reliability. However, we also cautioned that "[t]hese factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. at 241. The "trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion." (Punctuation and footnotes omitted.) *Conley v. State*, 257 Ga. App. 563, 564 (2) (571 SE2d 554) (2002).

> The trial court in this case found that as to each child the State has shown a number of factors on the list, including the nature of the statements which they made, the atmosphere under which they were made . . . , I didn't see any threats or any promises to any of the children, there were no drugs or alcohol, the children were generally credible, and there appeared to be no coaching, and the meetings that the parents

attended were very general, and the material I've seen is consistent, the statements were very consistent throughout....

Although Fiek argues the children's statements were the result of "multiple interviews, repeated questions, peer pressure" and that the children had been coached by their parents and law enforcement officials, the evidence, including the very testimony and videotaped interviews he argues should be excluded, belies and refutes these contentions. And to the extent these arguments "address the credibility of the witnesses themselves[, d]eterminations as to the credibility of a witness are a matter solely within the jury's purview, and such determinations will not be disturbed on appeal." *Baker v. State*, 252 Ga. App. 238, 241 (1) (b) (555 SE2d 899) (2001).

[Moreover], the record shows the victim(s) testified at trial and (were) subject to examination and cross-examination. Thus, [Fiek] had every conceivable opportunity to examine and cross-examine the (children) in the presence of the jury, regarding the (children's) memory of and the circumstances surrounding (their) making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the (children's) demeanor in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to [Fiek's] right of fair trial, and provided [Fiek] full opportunity for confrontation. (Punctuation omitted.) *Wallace v. State*, [228 Ga. App. 686, 688-689 (2) (492 SE2d 595) (1997),] citing *Gregg v. State*, supra. Accordingly, the trial court did not abuse its discretion in admitting the parents' testimony [or the videotaped interviews] under the Child Hearsay Statute.

*Kight v. State*, 242 Ga. App. 13, 16-17 (1) (528 SE2d 542) (2000). *Ingram v. State*, 262 Ga. App. 304, 306 (2) (585 SE2d 211) (2003); *Conley v. State*, 257 Ga. App. at 565 (2); *Medina v. State*, 234 Ga. App. 13, 15 (1) (b) (505 SE2d 558) (1998).

2. Fiek next contends the trial court erred by granting the State's motion in limine to exclude the videotapes of the tae kwon do students who were interviewed by police but did not accuse him of any acts of molestation. The record shows that the State made a pretrial motion to exclude any testimony by defense witnesses that might be offered to show that Fiek had not molested other children with whom he had contact on the basis that such testimony was not admissible to show good character. The trial court did not abuse its discretion by disallowing this testimony. *Shelnutt v. State*, 234 Ga. App. 655, 656 (1) (506

SE2d 643) (1998); see also *Brooks v. State*, 236 Ga. App. 604, 605 (1) (512 SE2d 693) (1999); *Davis v. State*, 189 Ga. App. 439, 440 (4) (376 SE2d 230) (1988).

On appeal, Fiek argues that the videotapes were admissible to present his defense and to protect his confrontation rights and were not offered for the impermissible purpose of showing his good character. However, he points to no place in the record where he sought admission of the videotapes on this basis or where this argument was urged and rejected below. Instead he cites this Court to a portion of the transcript where his counsel argued that he should be allowed to question the State's witness about the number of people she interviewed in connection with her investigation. The trial court allowed Fiek to question the witness concerning whether she had made videos of interviews with children other than the victims. At no time during this colloquy did defense counsel urge the argument now made on appeal — that the trial court should admit the videotapes of these children to protect his confrontation rights.

Moreover, Fiek acknowledges that the videotapes of the other students who were interviewed by this witness and other investigators were never made part of the record or proffered below, but urges that we accept and review his transcription of this evidence. But it is well established appellate procedure that this Court is unable to consider matters outside the record and transcript. *Frazier v. State*, 261 Ga. App. 508, 511 (3) (c) (583 SE2d 188) (2003); *Johns v. State*, 253 Ga. App. 207, 208 (2) (558 SE2d 426) (2002).

3. Fiek next contends that the State's expert witnesses impermissibly bolstered the testimony of the victims and "vouched for their veracity." However, Fiek's contentions provide no basis for reversal, as more fully set forth below.

(a) The testimony of Detective Mary Finlayson that Fiek now finds objectionable as impermissibly bolstering was in direct response to questions posed by defense counsel on cross-examination, and her response was admitted without objection. "Matters not objected to at trial cannot be raised for the first time on appeal. Likewise, self induced error cannot be complained of on appeal." (Citations and punctuation omitted.) *Shelnutt v. State*, 234 Ga. App. at 657 (4). *Croy v. State*, 247 Ga. App. 654, 657 (4) (545 SE2d 80) (2001).

(b) Jinger Robins testified concerning forensic interview techniques and forensic interview critiques after being qualified without objection as an expert in those areas. Fiek now urges that this testimony bolstered the testimony of the parents and investigators who denied using improper interview techniques. However, the record shows that defense counsel was instructed to make his bolstering

objections to the witness' testimony critiquing the videotaped interviews as needed and that the trial court would "deal with each objection as they are made." The record further shows that no objections were urged on this basis after this ruling. Thus, there is nothing for this court to consider on appeal. *Ward v. State*, 238 Ga. App. 540, 542-543 (2) (519 SE2d 304) (1999).

Fiek also now finds objectionable Robins' testimony that "most research studies" have indicated that it is "rare" for children to state false beliefs if they have only been interviewed once and for a limited amount of time. Again, no objection was made to this testimony, thus precluding appellate review. Moreover, it was not improper. *Odom v. State*, 243 Ga. App. 227-228 (1) (531 SE2d 207) (2000); see also *Roebuck v. State*, 261 Ga. App. 679, 685 (5) (583 SE2d 523) (2003).

(c) Fiek also contends that the testimony of Karen Nash about the disclosure process in children, especially boys, "validated and vouched for the accusations in this case. . . ." However, the record shows that the State made a proffer of this witness' testimony outside the presence of the jury in order to avoid the error Fiek now urges, and that Fiek did not object following the proffer or at any time during the subsequent testimony of the witness. Moreover, our review of the testimony shows that it was not objectionable in any event. *Odom v. State*, 243 Ga. App. at 227-228 (1); see also *Summage v. State*, 248 Ga. App. 559, 562-563 (546 SE2d 910) (2001).

4. Fiek's challenge to the sufficiency of the evidence is without merit. The victims' testimony, standing alone, was sufficient to authorize his convictions on the eighteen counts of child molestation and three counts of aggravated child molestation beyond a reasonable doubt. *Baker v. State*, 252 Ga. App. at 242 (3); *Perdue v. State*, 250 Ga. App. 201, 203 (1) (551 SE2d 65) (2001). Moreover, in this case the convictions were also supported by additional evidence, including the parents' testimony and the videotaped interviews. Any alleged inconsistencies in the evidence and issues of witness credibility were for the jury, not this Court, to resolve. *Frazier v. State*, 261 Ga. App. at 509 (1); *Conley v. State*, 257 Ga. App. at 565 (3). The evidence in this case was more than sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 24, 2004 — ■

*Mitchell D. Durham, Jimmy D. Berry, Cindi L. Yeager*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Eleanor A. Dixon, Assistant District Attorneys,* for appellee.