## A00A0892. WOOLUMS v. THE STATE.
(540 SE2d 655)

RUFFIN, Judge.

Virginia Woolums was convicted of aggravated battery and cruelty to children. On appeal, Woolums contends that the trial court erred in admitting the statement of the victim and in failing to merge the aggravated battery and cruelty to children convictions for sentencing purposes. She also contends that her trial attorney rendered ineffective assistance. As Woolums's contentions lack merit, we affirm.

The facts in this case were thoroughly set forth in this Court's opinion in *Mashburn v. State*.[1] Succinctly stated, the record shows that from the afternoon of March 14 through the evening of March 15, 1998, Woolums and Ricky Lee Mashburn were alone with Nicholas, Mashburn's five-year-old son. Over the course of the weekend, Nicholas was badly beaten. The morning of March 17, Nicholas was taken to the emergency room and was found to have bruises on his stomach, back, buttocks, scrotum, inner thighs, and scalp. He also had lacerations or puncture wounds on his face and scrotum, a bleeding spleen, and a bleeding intestinal wall. As a result of Nicholas's injuries, both Mashburn and Woolums were charged with and convicted of cruelty to children and aggravated battery.

1. During the trial, the State introduced a videotaped statement in which Nicholas attributed his injuries to Woolums. On appeal, Woolums contends that the trial court erred in admitting the statement, arguing that it demonstrated insufficient indicia of reliability to warrant admission under the Child Hearsay Statute, OCGA § 24-3-16. We disagree.

Under the Child Hearsay Statute, a statement made by a child under the age of 14 that describes physical abuse by another is admissible in evidence "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." "[T]he trial court has broad discretion in determining the admissibility of child hearsay evidence."[2] In determining whether a statement is reliable, a trial court

---

[1] 244 Ga. App. 524 (536 SE2d 208) (2000).

[2] (Punctuation omitted.) *Kight v. State*, 242 Ga. App. 13, 15-16 (1) (528 SE2d 542) (2000).

looks to many factors, including, but not limited to,

> (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.[3]

Here, Nicholas's statement was taken in a neutral environment with only the psychologist present. The psychologist testified that Nicholas was both coherent and cooperative during the interview, that there was no evidence that he had been threatened, and that she was unaware of any coaching that he might have received. Although several factors weighed against admitting the statement, such as Nicholas's tender age and certain inconsistencies between his videotaped statement and prior statements, we cannot conclude that those factors required that the statement be excluded as a matter of law. The trial court's application of the factors to be weighed is neither mechanical nor mathematical in nature.[4] Thus, even if all factors do not indicate reliability, the trial court does not necessarily abuse its discretion in admitting the statement. Here, we cannot say that the trial court abused its discretion in admitting the videotape.[5]

2. Woolums asserts that the trial court erred in failing to merge the cruelty to children charge with the aggravated battery charge. This assertion was also raised by Woolums's co-defendant, and it lacks merit for the same reasons set forth in *Mashburn v. State*.[6]

3. In her final enumeration of error, Woolums contends that the trial court erred in denying her motion for new trial based upon ineffective assistance of counsel. According to Woolums, her trial attorney rendered ineffective assistance by: (1) failing to seek a severance;

---

[3] (Emphasis in original.) *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

[4] Id. at 241.

[5] See *Knight v. State*, 239 Ga. App. 710, 711-712 (1) (521 SE2d 851) (1999).

[6] Supra at 528-529 (3).

(2) inadequately preparing for trial; (3) failing to call certain witnesses; (4) failing to negotiate a plea; (5) making inappropriate remarks during closing arguments; and (6) failing to have opening statements and closing arguments transcribed.

In order to establish a claim of ineffective assistance, Woolums must demonstrate both that her attorney's performance was deficient and that the deficient performance prejudiced her defense.[7] In reviewing a claim of ineffective assistance, "there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[8] Unless clearly erroneous, we will affirm a trial court's finding that a defendant received effective assistance.[9]

(a) Woolums complains that her trial attorney filed a motion for severance, but failed to pursue it. According to Woolums, had the motion been pursued, it would have been granted "due to the incriminating statements each Co-Defendant gave about the other."

At the motion for new trial, however, Woolums's attorney testified that she and Woolums discussed pursuing severance, but had decided that "strategically it was probably better to go ahead and try the case with the co-defendant so that the jury would have somebody to blame, because this was the kind of case that they are going to have to find somebody guilty of." Accordingly, the trial court was entitled to conclude that the decision not to pursue severance was strategic and, thus, not ineffective assistance.[10]

(b) Woolums also asserts that her attorney spent little time with her before trial and did not adequately prepare for trial. Her attorney, however, testified that she spent over 142 hours working on the case including the trial. Although she could not remember every moment, she disagreed with the defendant's contention that she spent "little time" preparing for trial. The attorney testified that she spoke with Woolums numerous times and that she reviewed all the discovery, including the videotapes provided by the State. Accordingly, the record does not support Woolums's assertion that her attorney was ill-prepared.[11]

(c) Although Woolums contends that her trial attorney was ineffective in failing to call certain witnesses, she does not provide either

---

[7] *Watson v. State*, 243 Ga. App. 636, 637 (534 SE2d 93) (2000).

[8] (Punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274, 283 (10) (514 SE2d 458) (1999).

[9] Id.

[10] See *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

[11] See *Knight v. State*, 242 Ga. App. 363, 366 (3) (528 SE2d 855) (2000) (where attorney testified he spent ample time preparing, trial court's denial of motion for new trial not clearly erroneous).

the names of the witnesses or the substance of their testimony. "[A]bsent such . . . proffer, [Woolums] cannot show there is a reasonable probability that, but for trial counsel's failure to call [such] witness[es], the trial's result would have been different."[12]

(d) According to Woolums, her trial attorney failed to communicate any plea offer and to advise her of the consequences of going to trial. The attorney, however, testified that the prosecutor never gave her a firm plea offer and that the prosecutor was looking for "significant jail time." Woolums's attorney further testified that she discussed this issue with her client and that she "felt that probably the best avenue was to go ahead and try the case." Although Woolums denied discussing the matter with her attorney, "the credibility of these witnesses was a matter for the trial court's discretion."[13] Woolums has not shown that the trial court abused its discretion.

(e) Woolums argues that her attorney failed to have opening statements or closing arguments transcribed and that this failure prejudiced her. Specifically, she claims that her attorney made inappropriate remarks during closing arguments. The attorney, on the other hand, testified that she gave Woolums an opportunity to have both the opening statements and closing arguments transcribed, but that Woolums did not pay for transcription. As there is no legal requirement that these portions of the trial be transcribed,[14] we cannot say that the attorney rendered ineffective assistance in refusing to foot the bill for such transcription. The trial court clearly determined that nothing prejudicial was said during closing, and without a transcript, we cannot say that this determination was clearly erroneous.[15]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 20, 2000 —
RECONSIDERATION DENIED DECEMBER 14, 2000 — 

*Lee W. Fitzpatrick*, for appellant.
*Garry T. Moss, District Attorney, Debra M. Sullivan, Assistant District Attorney*, for appellee.

---

[12] (Punctuation omitted.) *Mitchell v. State*, 242 Ga. App. 694, 698 (6) (531 SE2d 143) (2000).

[13] (Punctuation omitted.) *Curry v. State*, 238 Ga. App. 511, 522 (5) (b) (519 SE2d 269) (1999).

[14] See OCGA § 17-8-5 (a).

[15] See *Washington v. State*, 238 Ga. App. 561, 562 (2) (a) (519 SE2d 234) (1999).