A01A0473. BRYANT v. THE STATE.
(547 SE2d 721)

ELDRIDGE, Judge.

A Fulton County jury found Willard Bryant guilty of aggravated child molestation, child molestation, and aggravated sexual battery for acts Bryant perpetrated against his stepdaughter when she was between the ages of three and six. He appeals. Upon review, we affirm his convictions.

1. In his first three enumerations of error, Bryant challenges the trial court's jury instruction on each of the three offenses for which he was charged. Bryant contends that, by reading the entire statutory definition of each charged offense, the jury was permitted to find him

guilty in a manner not alleged in the indictment. We disagree.

As a general rule, it is not error to charge an entire Code section even though part of the section may be inapplicable.[1] When an indictment, however, specifies the commission of a crime by only one of several methods possible under the statute, it may be reversible error to charge the entire Code section if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not alleged in the indictment.[2] But, "jury instructions must be read and considered as a whole in determining whether such charge contained error."[3] And when an entire statutory definition is given, we will not find error if the instructions sufficiently limit the jury's consideration to the elements of the offense as charged in the indictment.[4]

Here, the trial court repeatedly — in pre-trial instructions, during similar transaction limiting instructions, and in its final charge — instructed the jury that the State must prove the offenses as charged in the bill of indictment and that Bryant was on trial only for the offenses as charged in the indictment. In addition, the indictment was before the jury to aid them in their deliberations. Under these circumstances, the trial court properly limited the elements of the crimes to those charged in the indictment, and we find no error.[5]

2. Completely without merit is Bryant's contention that the trial court failed to sufficiently limit the jury's consideration of similar transaction evidence prior to the introduction of such evidence. No limiting instruction was requested, and thus no error exists: "having failed to request a limiting instruction, defendant cannot assert that the trial court erred because it did not give such an instruction."[6] But pretermitting such fact, the trial court sua sponte gave the jury an exhaustive pre-trial instruction on the limited use of similar transaction evidence and, even without request, charged the jury — repeatedly — on such evidentiary limitations prior to each of the State's similar transaction witnesses. There was no error.

3. A "continuing witness" objection is not applicable to drawings or other documents which are "demonstrative evidence that serve only to illustrate testimony given by the witnesses."[7] Accordingly, we find no error in the trial court's decision to permit drawings made by the child/victim to go out with the jury, after the social worker identi-

---

[1] *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996).

[2] *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995).

[3] *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) (1987).

[4] *Roberson v. State*, 241 Ga. App. 226, 230 (526 SE2d 428) (1999).

[5] *Buice v. State*, 239 Ga. App. 52, 59 (5) (520 SE2d 258) (1999).

[6] *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998).

[7] (Emphasis omitted.) *Gabbard v. State*, 233 Ga. App. 122, 124 (3) (503 SE2d 347) (1998).

fied such drawings as made during the victim's outcry testimony to her.[8] The drawings served only as tools used during the social worker's interview with the victim and were seen on the videotape of the victim's interview.

Moreover, a review of the drawings shows that they do not substantively impact on the issue of Bryant's guilt of the sex offenses as charged. The drawings have no incriminating testimonial value in and of themselves which would create "an unfair advantage over oral testimony of the other side[ ] by speaking to the jury more than once" as to any element of the offenses with which Bryant was charged and thus to the ultimate issue of his guilt.[9] As such, the drawings are not subject to a "continuing witness" objection.

4. Bryant claims the victim's videotaped statement lacked "sufficient indicia of reliability" necessary to warrant admission, because the statement contained inconsistencies and the victim's demeanor demonstrated unreliability. The trial court, however, determined otherwise. And, although the videotaped statement is not before this Court, we find no error in such determination for the following reasons:

(a) "[If] defense counsel had the opportunity to confront . . . and cross-examine [the witness who made the out-of-court statement, the statement] was admissible."[10] Here, the child/victim was called as the court's witness, and Bryant was given the opportunity to cross-examine her. That he chose not to do so does not alter the result; it is the opportunity, not the follow-through, that is the determinative factor:

> [A]ppellant had every conceivable opportunity to examine and cross-examine the child in the presence of the jury, regarding the child's memory of and the circumstances surrounding his making of . . . the out-of-court statements in question, and had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the alleged making and veracity of [the] statements. This procedure provided an additional safeguard to appellant's right of fair trial, and provided appellant full opportunity for confrontation.[11]

(b) From a review of the record, any inconsistencies in the vic-

---

[8] *Griffin v. State*, 243 Ga. App. 282, 286 (6) (531 SE2d 175) (2000).

[9] *Shedden v. Stiles*, 121 Ga. 637, 640 (4) (49 SE 719) (1905); *Gabbard v. State*, supra at 124.

[10] *Calloway v. State*, 199 Ga. App. 272, 273 (2) (404 SE2d 811) (1991); *Gregg v. State*, 201 Ga. App. 238, 241 (3) (c) (411 SE2d 65) (1991).

[11] *Gregg v. State*, supra at 241 (3) (c).

tim's version of events appear to stem from (i) her tender years, (ii) her attempt to recount multiple instances of abuse, (iii) her natural reticence to recount the sexual acts perpetrated against her by Bryant, and (iv) confusion on the part of the interviewer as to names of the victim's numerous family members. Under such circumstances, "any alleged inconsistencies in the victim's outcry statements were a matter for the jury's consideration in weighing the evidence, not a matter of admissibility."[12]

(c) "The trial court has broad discretion in determining the admissibility of child hearsay evidence."[13] Here, the trial court reviewed the videotape and found it admissible after the court specifically considered:

> the total taped circumstances and evidence, given the atmosphere, and circumstances of this statement and the overall conditions and way in which the interview was conducted, . . . also the age of the child, the interval of time between the main offense discussed and the interview, the child's general demeanor, the child's condition, the absence of any allegations of threats to this child, the Court's observation of the child's general demeanor from the film, and consistency of the child's statement, and I also believe some consistent repetition of certain types of statements, there was no evidence on the tape of coaching.

Utilizing such thorough considerations, which are necessarily based on findings of fact, we conclude the trial court did not abuse its discretion in admitting the victim's videotaped interview.[14] Bryant may argue that the victim's demeanor "was flat and distracted," thereby demonstrating unreliability; however, such is a factual finding. And Bryant's argument on its face fails to illustrate that the trial court's contrary finding of fact was an abuse of discretion.[15] Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2001 —
RECONSIDERATION DENIED APRIL 26, 2001 ▮▮▮▮▮▮▮

---

[12] (Punctuation omitted.) *Myrick v. State*, 242 Ga. App. 892, 895 (2) (531 SE2d 766) (2000).

[13] (Punctuation omitted.) *Woolums v. State*, 247 Ga. App. 306 (1) (540 SE2d 655) (2001).

[14] *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998); *Gregg v. State*, supra at 240-241 (3) (b).

[15] *Robbins v. State*, 243 Ga. App. 21, 23-24 (532 SE2d 127) (2000).

*Steven E. Phillips, Whitman M. Dodge*, for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.