A02A0272. STEPHENS v. THE STATE.
(569 SE2d 250)

ANDREWS, Presiding Judge.

David Anderson Stephens appeals from the judgment entered after a jury found him guilty of one count of child molestation. Stephens brings numerous enumerations of error including a claim that

the evidence was insufficient to support the judgment. For reasons which follow, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the jury's verdict, was as follows. The victim, who was fourteen years of age at the time of trial, testified that her stepfather began molesting her at the age of ten and the abuse continued for approximately two years. The first incident occurred when she awoke early one morning after having a nightmare and started crying. Her mother had gone to work, and her stepfather told her to get into bed with him. She went back to sleep but awoke when she felt him touching the inside of her vagina. The victim said that after this initial encounter, Stephens began fondling her when he tucked her into bed at night. This happened when her mother was working late, sometimes once a week and sometimes more often.

A woman who chaperoned the victim at a church camp said the victim came to her crying and upset and said she wanted to talk to her. The victim told her that her stepfather would come into her room while she was sleeping and would touch her on her private parts. She said she always pretended she was asleep because she did not want to confront him.

A friend of the victim's testified that when they were in the seventh grade, the victim told her that when her stepfather tucked her in at night, he would "touch her and finger her and stuff." Another friend of the victim also stated that the victim told her that her stepfather began fondling her when she was ten.

The victim's stepmother testified that the victim was now living with her and the victim's father. At some point after the victim talked to the counselor at church camp, she told her stepmother about the incidents of abuse with her stepfather, stating that he would fondle her breasts and put his finger in her vagina. At that point, the victim and her mother met with the victim's father and his wife and it was decided that the victim would live with her father.

An investigator testified that when Stephens was questioned about the charges, he admitted to rubbing lotion on the victim's breast area and said that he may have touched her buttocks area. Stephens said that when he realized the victim was developing sexually, he discontinued rubbing lotion on her at night after her bath.

The victim's mother testified and stated that she did not believe the victim when she described the incidents of abuse. When asked why, the mother replied, "Because I know my husband and I know how [my daughter] lies."

Stephens testified in his own defense. He denied molesting his stepdaughter. When asked why she would lie, Stephens said that she did not like the strict rules in their household and wanted to live with her father and his wife because they were more lenient.

1. The evidence was sufficient to support the verdict.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). Here, the evidence was sufficient for the jury to find Stephens guilty of child molestation beyond a reasonable doubt.

2. Next, Stephens argues the trial court erred in not granting his motion for new trial because of alleged juror misconduct. The misconduct complained of was a discussion by the jurors of the sentence they believed Stephens would receive if convicted. One of the jurors testified at the hearing on the motion for new trial that the jury was deadlocked in their deliberations and one of the jurors said, "[W]ell, he's just going to get probation anyway." The juror stated that, based on this statement, she voted to convict Stephens. The juror acknowledged that she knew that the other juror had no legal background, but said she believed him because he had served on other juries.

Stephens argues that this statement by a juror was an extrajudicial gathering of law. We disagree. OCGA § 17-9-41 provides that affidavits of jurors may be taken after a trial in order to sustain their verdict but not to impeach it. There are exceptions to this rule when "extrajudicial and prejudicial information has been brought to the jury's attention improperly, or where non-jurors have interfered with the jury's deliberations." (Punctuation and footnote omitted.) *Glover v. State*, 274 Ga. 213, 215 (3) (552 SE2d 804) (2001). The comments complained of in this case do not fall within either of these exceptions. "[T]here was no discussion between the jury and a non-juror about the sentence and the extrajudicial information was not the result of a juror independently researching the law or gathering evidence." (Footnotes omitted.) Id.

3. Stephens argues that the trial court erred in charging the jury on general intent when the crimes alleged were specific intent crimes. The charge complained of was as follows:

Intent is an essential element of any crime and must be proved by the State beyond a reasonable doubt. Intent may be shown in many ways provided you, the jury, believe that it existed from the proven facts before you. It may be

inferred from proven circumstances or by acts and conduct or it may be in your discretion inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion. Criminal intent does not mean an intention to violate the law or to violate a penal statute but means simply to intend to commit the act which is prohibited by a statute.

Stephens claims that it was error to give this charge because he was charged with a specific intent crime which required the State to prove he had committed the acts "with the intent to arouse and satisfy the sexual desires of [the] accused."

We note that Stephens acknowledges he did not request a charge on specific intent and also that he cites to no authority for his claim that giving this charge was reversible error. Indeed, case law is to the contrary.

As the State points out, the jury was adequately instructed on the specific intent of the crime of child molestation. The court charged the jury on the statutory definition of child molestation and read the indictment to the jury two times. Moreover, the jury had the indictment with them in the jury room during deliberations. Therefore, the charge as a whole, including the trial court's charge on general criminal intent, when considered together with the charges on the elements of an offense of specific intent and the State's burden of proving each element of the offense, was not confusing and provided sufficient guidelines for the jury. *Dixson v. State*, 191 Ga. App. 410, 411 (382 SE2d 357) (1989). There was no reversible error.

4. Next, Stephens claims the trial court erred in failing to excuse a potential juror. The only evidence of this in the record is defense counsel's statement that three prospective jurors were stricken for cause and defense counsel requested that a fourth juror be stricken after making a statement that she would not want to be judged by a juror with her mindset. Counsel then stated, "You granted me the opportunity to follow up with her on that, however, I declined." Accordingly, it is apparent from the record that the trial court had not made a final ruling because counsel did not take the opportunity given to ask follow-up questions and then renew his motion to strike the prospective juror. Stephens's failure to obtain a final ruling by the trial court waived this issue on appeal. See *Nanthabouthdy v. State*, 245 Ga. App. 456, 459 (538 SE2d 101) (2000).

5. Stephens next contends that the trial court erred in failing to conduct a hearing to determine whether he was eligible for an appeal bond. First, we note that when the court denied the motion for an appeal bond, defense counsel made no objection to the ruling and did

not request any further hearing or findings of fact. Next, the court did hear evidence from one of Stephens's witnesses as to whether Stephens should be granted bond. The witness, a minister, was asked whether he thought Stephens would flee the jurisdiction, be a significant threat to the safety of others, be a significant risk to commit other felonies, or intimidate witnesses or otherwise obstruct justice. After hearing this evidence, the court denied the motion for an appeal bond. Counsel did not request any further hearing or findings of fact and cites to no authority that he was entitled to any. There was no error.

6. In his last enumeration of error, Stephens argues the trial court erred in charging the jury by defining child molestation in a manner not alleged in the indictment. The specific portion of the charge complained of was: "A person commits the offense of child molestation when he or she does any immoral and indecent act in the presence of and upon the person of a child under the age of 16 years with the intent to arouse and satisfy the sexual desires of either the person or the child." Stephens claims this was error because the act of child molestation alleged in the indictment was "with the intent to arouse and satisfy the sexual desires of said accused . . ." and made no mention of the child. Stephens contends that by reading the entire statutory definition of the charged offense, the jury was permitted to find him guilty in a manner not alleged in the indictment.

As a general rule, it is not error to charge an entire Code section even though part of the section may be inapplicable. But, when the indictment specifies the commission of a crime by only one of several methods possible under the statute, it may be reversible error to charge the entire Code section if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not alleged in the indictment. *Bryant v. State*, 249 Ga. App. 383, 384 (547 SE2d 721) (2001). Jury instructions must be read and considered as a whole however; and, when an entire statutory definition is given, we will not find error if the instructions sufficiently limit the jury's consideration to the elements of the offense as charged in the indictment. Id.

Here, the trial court read the indictment to the jury twice and instructed the jury that the State must prove each element of the offense as charged in the bill of indictment beyond a reasonable doubt. In addition, the indictment was before the jury to aid them in their deliberations, and there was no evidence at trial that the crime was committed in any other manner than that alleged in the indictment. See *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). Under these circumstances, "we will neither impute an adverse construction to the charge nor give so little credence to the ability of the jury to select that portion of the statute obviously applicable to the facts and

issues presented for their determination." (Citations and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 156 (5) (a) (421 SE2d 560) (1992). Because the trial court properly limited the elements of the crimes to those charged in the indictment, we find no error. *Bryant*, supra at 384; *Brown v. State*, 243 Ga. App. 632, 634-635 (534 SE2d 98) (2000); *Roberson v. State*, 241 Ga. App. 226, 230 (526 SE2d 428) (1999); *Cheeks v. State*, 234 Ga. App. 446, 447 (507 SE2d 204) (1998).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 7, 2002.

Kam & Ebersbach, Brian D. Lewis, for appellant.

Peter J. Skandalakis, District Attorney, Randall W. Duncan, Assistant District Attorney, for appellee.