## A02A1812. CONLEY v. THE STATE.
(571 SE2d 554)

JOHNSON, Presiding Judge.

A jury found Robert Conley guilty of cruelty to children in the first degree by burning the back of his three-year-old son with a cigarette. Conley contends the trial court erred in admitting statements by a doctor and the victim through the testimony of law enforcement officers and a videotaped interview of the victim. We find no error and affirm Conley's conviction.

1. Conley contends the trial court erred in allowing an officer to testify as follows: "The doctor had told me, when I arrived, that [the victim] had told him that he received two cigarette burns on his back from his father." He further contends the trial court erred in allowing a different police officer to testify that the doctor "said that [the victim] had told him, 'Daddy did it because he was angry.'" Because both the doctor and the victim were present at trial and available for cross-examination, and because these statements were cumulative of other testimony properly admitted at trial, we find no error.

Evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the state-

ment was made.[1] Clearly, the officers' statements in the present case fall within the definition of hearsay. However, there are many exceptions to the exclusion of hearsay testimony.

"The primary flaw of hearsay testimony is the lack of opportunity for the declarant to be cross-examined as to honesty, truthfulness, perception, and memory."[2] Thus, even our Supreme Court has noted that the modern trend regarding hearsay evidence is to allow the out-of-court declaration where the declarant is present and may be cross-examined.[3] As long as the declarant testifies at trial and is available for cross-examination by the defendant, the purpose behind the hearsay rule is satisfied with regard to his declarations.[4] Here, the record shows that both the doctor and the victim testified at trial, and both were subject to a full cross-examination by defense counsel. Therefore, we find the trial court did not err in admitting the officers' statements.

Further, the out-of-court statements were cumulative to the victim's testimony on the witness stand and the victim's videotaped statement to police, which was played for the jury. In addition, the victim's mother testified at trial that the victim told the doctor, "My daddy burned me on the back with a cigarette." "Evidence which is cumulative of other legally admissible evidence of the same fact[ ] renders harmless admission of incompetent evidence."[5] The trial court did not abuse its discretion in admitting the officers' statements.

2. Conley next contends the trial court erred in admitting the victim's videotaped interview because it lacked sufficient indicia of reliability. We disagree.

"The trial court has broad discretion in determining the admissibility of child hearsay evidence,"[6] and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion.[7] We have previously listed ten factors which a trial court may consider in determining the indicia of reliability.[8] However, we cautioned that "[t]hese factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or

---

[1] See *Armstead v. State*, 255 Ga. App. 385, 389 (3) (565 SE2d 579) (2002).

[2] *Armstead*, supra.

[3] *Quintanilla v. State*, 273 Ga. 20, 23 (3) (a) (537 SE2d 352) (2000).

[4] Id.

[5] (Citations and punctuation omitted.) *Griffis v. State*, 222 Ga. App. 322, 324 (2) (474 SE2d 119) (1996).

[6] (Punctuation and footnote omitted.) *Woolums v. State*, 247 Ga. App. 306 (1) (540 SE2d 655) (2000).

[7] *Howard v. State*, 252 Ga. App. 465, 467 (1) (556 SE2d 536) (2001).

[8] *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

absence of the requisite degree of trustworthiness."[9] Thus, even if all factors do not indicate reliability, the trial court does not necessarily abuse its discretion in admitting the taped interview.[10]

Although several factors weighed against admitting the victim's videotaped interview in this case, such as the victim's tender age, the length of time between the event and the videotaped interview, and the fact that police officers conducted the interview, we cannot conclude that these factors required that the videotaped interview be excluded as a matter of law. The trial court did not abuse its discretion in admitting the videotaped interview.[11]

Moreover, the record shows that the victim was present at trial, testified as a witness, and was subject to cross-examination. Thus, Conley had every conceivable opportunity to examine and cross-examine the victim in the presence of the jury regarding the victim's memory of and the circumstances surrounding his videotaped interview. Conley also had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the alleged making and veracity of the videotaped interview. This provided an additional safeguard to Conley's right of fair trial and provided Conley full opportunity for confrontation.[12]

3. In his final enumeration of error, Conley contends the evidence was insufficient to support his conviction. However, the victim testified at trial that Conley burned his back. This evidence, standing alone, was sufficient to establish Conley's conviction for cruelty to children in the first degree.[13] Any conflict in the victim's testimony is a matter of credibility for the jury to resolve.[14]

In addition to the victim's testimony and the evidence which we have held in this appeal was properly admitted by the trial court, additional evidence not attacked on appeal supported Conley's conviction. The burn marks were found on the victim's back by his mother following the victim's weekend visit with Conley. The victim's mother testified that the victim told the doctor his father burned him on the back with a cigarette. The doctor testified that the marks were consistent with cigarette burns and not consistent with friction injury. And, the doctor opined that the burns were probably second degree burns and appeared to be three to seven days old, consistent with the timing of the victim's visit with Conley. Photographs of the burns were admitted into evidence. The evidence was sufficient for a

---

[9] Id. at 241.

[10] See *Woolums,* supra at 307.

[11] See *Bryant v. State,* 249 Ga. App. 383, 386 (4) (c) (547 SE2d 721) (2001); *Woolums,* supra.

[12] *Bryant,* supra at 385 (4) (a); *Gregg,* supra at 241 (3) (c).

[13] See OCGA § 24-4-8; *Vickers v. State,* 241 Ga. App. 452, 453 (527 SE2d 217) (1999).

[14] *Sewell v. State,* 244 Ga. App. 449, 451 (1) (a) (536 SE2d 173) (2000).

rational trier of fact to find Conley guilty beyond a reasonable doubt of cruelty to children in the first degree.[15]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 23, 2002.

*Axam, Adams & Secret, Akil K. Secret, Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, H. Maddox Kilgore, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[15] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grier v. State*, 257 Ga. 539, 540 (2) (361 SE2d 379) (1987); *Weeks v. State*, 220 Ga. App. 141, 143 (2) (469 SE2d 316) (1996).