## A03A0434. DOOMES v. THE STATE.
(583 SE2d 151)

ADAMS, Judge.

Larry D. Doomes appeals his conviction and sentence for aggravated battery and aggravated assault. Doomes enumerates nine errors.

1. Doomes challenges the sufficiency of the evidence. We construe the evidence in a light most favorable to support the jury's verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 252 Ga. App. 389, 390 (3) (556 SE2d 484) (2001).

So construed, the evidence shows that Doomes threatened to fight Larry Jackson about a past incident. A fight ensued, during which Doomes said, "I'm going to shoot you. I'm going to kill your ass when I get back." Doomes then left the scene and got his .22 caliber pistol. When he returned to the scene of the fight, he ran toward Jackson and shot him once. Jackson was hit and fell, and Doomes said, "I told you I was going to shoot you. . . ." Next, Doomes kicked Jackson about 30 times, breaking his ankle, finger, and teeth. Four eyewitnesses testified that Doomes shot Jackson. There was some evidence that Jackson lost the use of his legs.

Doomes was not charged for kicking Jackson. He was charged with aggravated battery for "maliciously caus[ing] bodily harm to . . . Larry Jackson, by rendering useless a member of his body, to wit: his legs, by shooting him. . . ." See OCGA § 16-5-24 (a). But no evidence was introduced to show that the gunshot wound caused Jackson to lose the use of his legs or any other part of his body. Jackson testified that Doomes shot him in the arm, and a witness said he was shot in the shoulder, yet there was no evidence that Jackson lost the use of his arm. And, based on the evidence that Doomes kicked Jackson 30 times breaking teeth and bones, it is unclear whether the injury to his legs was caused by the bullet or the kicking.

We cannot say that a rational trier of fact could have found Doomes guilty beyond a reasonable doubt of committing the charged offense, and therefore the conviction on this charge must be reversed. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Doomes was charged with aggravated assault for shooting Jackson with a deadly weapon. The evidence was sufficient to support the verdict on that charge. See OCGA § 16-5-21.

2. Doomes's two enumerations based on OCGA §§ 5-5-20 and 5-5-21 are without merit. See, e.g., *Ike v. Kroger Co.*, 248 Ga. App. 531, 532 (546 SE2d 903) (2001).

3. Doomes's contention that the trial court erred by allowing an 11-member jury is without merit. Doomes's counsel clearly waived a 12-member jury.

> "(W)hile it may be a better practice, it is not necessary for an accused to personally waive his right to a jury of twelve and agree to be tried by a jury of less than twelve. Counsel for the accused may validly waive this right for him if (1) the waiver is made, without objection, in the accused's presence or (2) the accused otherwise acquiesces in the waiver." [Cit.]

*Davis v. State*, 192 Ga. App. 47, 48 (3) (383 SE2d 615) (1989). Because Doomes's counsel waived Doomes's right to be tried by a jury of 12 in his presence and without any objection from Doomes, the trial court did not err. Id. See also *Johnson v. State*, 214 Ga. App. 77, 79 (1) (447 SE2d 74) (1994).

4. Doomes contends that the trial court improperly admitted an in-custody statement made before he was informed of his *Miranda* rights. A trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous. *Grier v. State*, 273 Ga. 363, 365 (2) (541 SE2d 369) (2001). As was made clear at the hearing, the only statement Doomes gave prior to hearing his *Miranda* rights was an answer to an officer's question about whether he had a gun on his person, to which he responded in the negative. For the purposes of safety, prior to giving *Miranda* warnings a police officer may ask a suspect if he is armed. *Smith v. State*, 264 Ga. 857, 859 (3) (452 SE2d 494) (1995).

5. Doomes claims that he is entitled to a new trial because the victim's testimony was impeached. But, "[d]eterminations of witness credibility, weighing the evidence, and resolutions of conflicts presented by the evidence are within the province of the jury." (Citation and punctuation omitted.) *Hesterlee v. State*, 210 Ga. App. 330, 332 (1) (436 SE2d 32) (1993). We also find no error in the trial court's charge on impeachment. The court charged that a witness may be impeached by proof of, among other things, conviction of a crime involving moral turpitude. This charge would allow impeachment by showing conviction of a felony because felonies involve moral turpitude. See *Barge v. State*, 256 Ga. App. 560, 561 (1) (568 SE2d 841) (2002).

6. Doomes contends his trial counsel was ineffective. But Doomes failed to raise the issue in his amended motion for new trial or at the

hearing on the motion. See *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

7. Finally, Doomes claims that the trial court gave three improper charges to the jury.

(a) Doomes's argument that the trial court erred by charging that circumstantial evidence must exclude every other reasonable *theory* rather than every other reasonable *hypothesis* is without merit because we find no meaningful difference between the two words as used in this setting. See, e.g., *Turan v. State*, 274 Ga. 725, 726 (1) (559 SE2d 463) (2002); *Johnson v. State*, 251 Ga. App. 455, 458 (4) (554 SE2d 587) (2001).

(b) Doomes was charged with aggravated assault with a deadly weapon. He contends that the court erred by charging the jury that aggravated assault could occur both by an assault with intent to murder or by an assault with a deadly weapon. We agree.

"The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment." (Footnote omitted.) *Boone v. State*, 250 Ga. App. 133, 144 (16) (549 SE2d 713) (2001). See also *Stephens v. State*, 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002).

Here, the trial court read the indictment to the jury and instructed the jury that the State had the burden of proving every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. And the indictment went out with the jury. Furthermore, it is true that "[j]ury instructions must be read and considered as a whole . . . ; and, when an entire statutory definition is given, we will not find error if the instructions sufficiently limit the jury's consideration to the elements of the offense as charged in the indictment." (Citation omitted.) *Stephens v. State*, 255 Ga. App. at 684 (6).

But here, the trial court did not give a limiting instruction after giving the improper charge. See *Searcy v. State*, 168 Ga. App. 233, 234 (1) (308 SE2d 621) (1983) (an instruction must be given after the faulty charge confining the jury to the charge in the indictment). See also *Talton v. State*, 254 Ga. App. 111, 113, n. 3 (561 SE2d 139) (2002). And, the State admits in its brief that "there was ample evidence adduced at trial that would lead a rational trier of fact to believe that an assault upon a person with a .22-caliber pistol may have been an assault with the intent to murder." Accordingly, we conclude that Doomes's due process rights were violated when he was tried on a charge of aggravated assault that was not alleged in the indictment, and therefore his conviction for aggravated assault must be reversed and remanded for a new trial. See, e.g., *Chapman v.*

*State*, 273 Ga. 865, 867-868 (2) (548 SE2d 278) (2001); *Levin v. State*, 222 Ga. App. 123, 126-127 (6) (473 SE2d 582) (1996). Compare *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997). See generally *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995).

(c) Doomes contends that the trial court erred by charging the jury on the entire statute for aggravated battery as well. But because we have reversed his conviction on that count, the matter is moot.

8. Doomes's additional arguments are without merit.

*Judgment reversed and case remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 2, 2003.

*William O. Cox*, for appellant.

*J. Thomas Durden, Jr.*, District Attorney, *Mark A. Hendrix*, Assistant District Attorney, for appellee.