## A03A1941. PUTNAM v. THE STATE.
(592 SE2d 462)

PHIPPS, Judge.

This is the third appearance of this case before us. In 1996, a jury found Jon Putnam guilty of child molestation and aggravated child molestation of his daughter. In Putnam's first appeal, we ruled that the evidence was sufficient to support his conviction, but we reversed because a social worker had improperly testified that she believed the victim's allegations.[1] During Putnam's retrial, the court sua sponte declared a mistrial due to the possibility that jurors had been exposed to an article about the case in a local newspaper. Putnam filed a motion for discharge and acquittal on double jeopardy grounds. The court denied the motion, Putnam appealed, and we affirmed.[2] Putnam's second retrial ended in a conviction. He again appeals, asserting various errors. Finding no merit in his arguments, we affirm.

1. Putnam contends that his second retrial was barred by double jeopardy. He makes exactly the same arguments that we rejected in his second appeal.[3] " 'Any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court.' [Cit.]"[4] We are bound by our previous ruling and cannot reconsider Putnam's double jeopardy argument.[5]

2. Putnam argues that the evidence was insufficient to support his convictions. Putnam's daughter testified on retrial that he had repeatedly touched her breasts and vagina with his hands, and that on one occasion he had touched her vagina with his mouth. This testimony was sufficient to support Putnam's convictions.[6] Although Putnam argues that his daughter's testimony is "presumptively unreliable" and that "[t]he scenario described by [her] is plainly improbable," it is the role of the jury — not of this court — to evaluate the credibility of witnesses, resolve any conflicts in the evidence, and determine what happened.[7]

3. Putnam argues that the trial court improperly admitted a letter that he had written to Barbara Hughes, an investigator with the Georgia Department of Human Resources Division of Family and Children Services (DFCS). In the letter, Putnam had stated, among other things, that "the only sexual affair going on in the Putnam fam-

---

[1] *Putnam v. State*, 231 Ga. App. 190 (498 SE2d 340) (1998) (physical precedent only) (hereinafter "*Putnam I*").

[2] *Putnam v. State*, 245 Ga. App. 95 (537 SE2d 384) (2000).

[3] See id.

[4] *Britton v. State*, 257 Ga. App. 441, 443 (2) (571 SE2d 451) (2002).

[5] See id.

[6] See *Putnam I*, supra at 190 (1).

[7] See *DeLoach v. State*, 272 Ga. 890, 891 (1) (536 SE2d 153) (2000).

ily was between my daughter and her brother." Putnam contends that when he sent the letter, DFCS was following a protocol for classifying child abuse reports in a central registry. Because the Supreme Court later declared that the statute creating the registry system was unconstitutional,[8] Putnam argues that his letter should have been excluded.

There is no evidence, however, that Hughes or anyone else at DFCS required or encouraged Putnam to submit the letter. Thus, the letter is unrelated to the constitutionally deficient protocol, and we see no reason why the trial court should have excluded it.

4. Putnam contends that the trial court should have excluded his daughter's out-of-court statements concerning the acts of molestation.

Under the Child Hearsay Statute, an out-of-court statement by a child under the age of 14 years describing a sexual act performed on her by another is admissible if "the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."[9] We reverse a trial court's decision to admit evidence under the Child Hearsay Statute only if the court abused its discretion.[10]

Putnam argues that his daughter's statements — made first to her mother and later to social workers — were unreliable because they were made while his family was in crisis. He points out that in his first appeal, we wrote that "we find troubling the combination of circumstances surrounding these allegations."[11] We noted in particular the child's delay in reporting the molestation and Putnam's acrimonious divorce from the child's mother. Even if these factors weighed against the reliability of the child's hearsay statements, other factors — including her age, the general consistency of her out-of-court statements, and Putnam's opportunity to cross-examine her at trial — weighed in favor of those statements' reliability. Under the totality of the circumstances, the trial court did not abuse its discretion in admitting the statements.[12]

5. Putnam argues that the trial court gave an erroneous instruction to the jury after it sent out this question: "[W]hat if we can only agree [one] hundred percent on one of the charges?" Before answer-

---

[8] See *State of Ga. v. Jackson*, 269 Ga. 308 (496 SE2d 912) (1998).

[9] OCGA § 24-3-16.

[10] *Conley v. State*, 257 Ga. App. 563, 564 (2) (571 SE2d 554) (2002).

[11] *Putnam I*, supra at 194 (3).

[12] See *Woolums v. State*, 247 Ga. App. 306, 307 (1) (540 SE2d 655) (2000) (trial court did not abuse discretion in admitting child hearsay statement even though several factors weighed against admitting statement).

ing the jury's question, the court told counsel outside the jury's presence:

> I know how to answer that. That's the way after ample time to deliberate and we're not going to call it off yet if you after ample deliberation time can only resolve one of the charges then the other would be mistried and we would receive your verdict on the one you could unanimously agree on.

Defense counsel responded, "That's fine." The court then told the jury that it should continue deliberating and attempt to reach a unanimous verdict, but that if it could not, then a mistrial would occur and the evidence would be presented to another jury. Defense counsel did not object to this instruction.

Putnam now argues that the instruction was unfairly coercive. But "[a] party cannot submit to a ruling or acquiesce to it, then complain about the ruling on appeal."[13] Because defense counsel expressly agreed with the court's proposed charge and did not object after it was given, we will not review this asserted error.

6. Finally, Putnam argues that the trial court erred by failing to grant a mistrial after his ex-wife injected evidence of his bad character. The prosecutor asked her if she had tried to find out whether Putnam was having sexual intercourse with their daughter. She replied that her daughter had said she was not having sex with Putnam, but that "he was asking her for sex. . . . Because he said he's had sex with three other people." Defense counsel objected that this testimony unfairly placed Putnam's character in issue. The court instructed the jury to disregard the witness's comment about sex with other people because it was improper and nonresponsive. Defense counsel then moved for a mistrial.

When a defendant seeks a mistrial based on a prosecution witness's voluntary injection of improper and prejudicial matter into the trial, the trial court has the discretion to determine whether a mistrial is required or whether the prejudicial effect can be corrected "by withdrawing testimony from the consideration of the jury under proper instructions."[14] Under the circumstances, we find no abuse of discretion in the court's decision to give curative instructions rather than declare a mistrial.[15]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[13] (Citation and punctuation omitted.) *Ayers v. State*, 251 Ga. App. 623, 626, n. 9 (555 SE2d 4) (2001).

[14] (Citation omitted.) *Peck v. State*, 245 Ga. App. 599, 601 (2) (538 SE2d 505) (2000).

[15] See *Fulmer v. State*, 205 Ga. App. 679, 680 (3) (423 SE2d 300) (1992).

DECIDED DECEMBER 17, 2003.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.