## A04A0607. RANGE v. THE STATE.
(599 SE2d 295)

SMITH, Chief Judge.

Malaika Gail Range and Carlos Antwuan Copeland were indicted by a Clayton County grand jury on two counts of cruelty to children by starving Range's two-year-old twins. A jury found them guilty on both counts. Range's amended motion for new trial was denied, and she appeals, asserting four enumerations of error. Finding no error, we affirm.

1. Range raises the general grounds, contending that the State failed to prove every element of the crime of cruelty to children or her involvement in the acts charged. The facts of this case were stated in considerable detail in Copeland's appeal, which was decided by this court in October 2003. *Copeland v. State*, 263 Ga. App. 776 (589 SE2d 319) (2003). That evidence showed that the twins were discharged from the hospital after their birth with no serious medical problems, but two years later were found to be in a starving condition for which there was no medical explanation. They were unable to stand, walk, or talk. Id. at 777-778. As soon as the children were removed by the Department of Family and Children Services from Range's and Copeland's custody and placed in foster care, "[t]hey began to grow, walk, and talk." Id. at 779 (1). While Range and Copeland testified that they fed the children normally, two physicians testified that the children's malnourished condition was such that they could not have been fed as Range and Copeland claimed and that no "organic condition" was found to explain their malnutrition. Id.

As we held in *Copeland*, "a review of the record in a light most favorable to the verdict reveals ample evidence from which a rational trier of fact could have found that [appellant] wilfully deprived the children of necessary sustenance to the extent that the children's well-being was jeopardized." (Footnote omitted.) Id. at 779-780. The trial court did not err in denying Range's motion for directed verdict.

2. Range also contends the trial court erred in failing to give her requested jury instruction on knowledge. This contention was considered and rejected in *Copeland*, supra at 780 (2).

3. Finally, Range asserts that the trial court erred in failing to charge the entire Code section on cruelty to children, OCGA § 16-5-70, and that the trial court's language varied in certain details from the language of the Code section. But Range was indicted only for violation of OCGA § 16-5-70 (a), the deprivation of necessary sustenance, and charging the remainder of the Code section with respect to other offenses for which Range was not indicted might have been reversible error "if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not

alleged in the indictment." (Citation omitted.) *Stephens v. State*, 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002). Moreover, the trial court correctly defined "sustenance" for the jury as "that necessary food and drink which is sufficient to support life and maintain health." (Citation omitted.) *Knight v. State*, 233 Ga. App. 819, 821 (2) (505 SE2d 796) (1998). The trial court did not err in its instruction to the jury.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 7, 2004.

*Darrell B. Reynolds, Sr.*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.