## A10A0708. POWELL v. THE STATE.
(695 SE2d 736)

DOYLE, Judge.

After a jury trial, Lerone Powell was convicted of false imprisonment[1] and misdemeanor family violence battery.[2] Powell appeals, challenging, among other things, the sufficiency of the evidence and arguing that the trial court's jury charge permitted the jury to find Powell guilty of family violence battery in a manner other than that charged in the indictment. For the reasons that follow, we affirm Powell's false imprisonment conviction, but reverse his conviction for family violence battery.

Viewing the facts in the light most favorable to the verdict,[3] the record shows that Powell and D. G. were romantically involved at different times since 2002, and D. G. previously had lived with Powell. On November 5, 2006, the two were smoking crack cocaine in a hotel room when they began to argue, which escalated from words to physical violence. An individual in a neighboring hotel room heard the argument and called 911, reporting that it sounded like a woman in Powell's room needed help and that a man might have been

---

[1] OCGA § 16-5-41 (a).

[2] OCGA § 16-5-23.1 (a), (f) (1).

[3] See *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

putting a pillow over her face. Officer Manuel Williams responded to the call and knocked on the door to Powell's room, but no one answered and someone turned out the lights. Williams had hotel management unlock the door, but Williams could not enter because the chain latch was engaged on the door's interior. After the door was cracked, the officer attempted to enter the room until D. G. unlatched the door and exited the room. Williams stated that D. G. was screaming and crying, and she told him she could not breathe because Powell had been trying to suffocate her with a pillow. D. G. had bruises on her face and arms, which were photographed the day after the altercation.

D. G. explained that Powell had become angry, threatened to kill her, and then choked her with his hands. She fell to the floor, and Powell kneeled on her arms to pin her and continued choking her with his hands. Powell then used a pillow to smother her, occasionally bringing the pillow off her face, but then replacing it. D. G. said that Powell would not release her until the door was unlocked by hotel management.

Powell was charged with false imprisonment and family violence battery.

1. Powell argues that the evidence presented was insufficient to support the guilty verdict with regard to the family violence battery charge.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[4]

Given the facts as stated above, the jury was authorized to find Powell guilty of family violence battery.[5] Moreover, although Powell

---

[4] (Citations and punctuation omitted.) *Austin v. State*, 286 Ga. App. 149, 151 (1) (648 SE2d 414) (2007).

[5] See OCGA § 16-5-23.1 (a), (f) (1); *Simmons v. State*, 285 Ga. App. 129, 130 (645 SE2d 622) (2007) ("A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another. If the offense of battery is committed between persons [formerly] living in the same household, then such offense shall constitute the offense of family violence battery.") (citations and punctuation omitted).

does not contend that there was insufficient proof presented for the jury to find him guilty of false imprisonment, given the facts as stated above, we find that the jury also was authorized to find Powell guilty of falsely imprisoning D. G.[6]

2. Next, Powell argues that the trial court incorrectly charged the jury, allowing the jurors to find him guilty of family violence battery in a manner that was not charged in the indictment. We agree, and reverse Powell's family violence battery conviction.

"It is not usually cause for a new trial that an entire Code section is given even though a part of the charge may be inapplicable under the facts in evidence."[7] Nevertheless, "[t]he giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment."[8]

OCGA § 16-5-23.1 (a) states that "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." To prove family violence battery, the State also must establish that the battery was "committed between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household. . . ."[9]

With regard to the family violence battery count, the indictment specifically charged that Powell "intentionally caused substantial physical harm, to wit[,] suffocation, to [D. G.], his former live-in girlfriend, by attempting to smother her with a pillow in violation of [OCGA] § 16-5-23.1." The trial court, however, charged the jury with the entire definition of battery contained in OCGA § 16-5-23.1 (a), which included both visible bodily harm and substantial physical harm as alternative methods for committing a battery.

Powell maintains that the jury may have convicted him of an alternative manner of family violence battery, namely, choking D. G. with his hands, causing visible bodily harm to her neck. In support of his argument, Powell points to D. G.'s testimony about Powell repeatedly choking her, Williams's testimony about D. G.'s visible bodily harm, photographic evidence submitted by the State of

---

[6] See OCGA § 16-5-41 (a); *Pierce v. State*, 301 Ga. App. 167, 169 (1) (c) (687 SE2d 185) (2009) ("To sustain a conviction for false imprisonment, the State must show evidence of an arrest, confinement, or detention, and detention for a brief amount of time is sufficient.").

[7] (Punctuation omitted.) *Buice v. State*, 281 Ga. App. 595, 597 (2) (636 SE2d 676) (2006).

[8] (Punctuation omitted.) *Doomes v. State*, 261 Ga. App. 442, 444 (7) (b) (583 SE2d 151) (2003).

[9] OCGA § 16-5-23.1 (f).

bruising on D. G.'s neck, and statements made by the prosecutor in his opening, referencing the alleged choking, and in closing, referencing visible bodily harm as an element of family violence battery.

Under these facts, we hold that the trial court erred by charging the jury using the statutory language of OCGA § 16-5-23.1 (a) without also issuing an instruction to the jury limiting its deliberation of the offense to the manner alleged in the indictment.[10]

In *Buice v. State*, this Court explained that no such error occurred in a similar case because "[t]he evidence presented at trial supported two alternative theories: either that appellant committed no offense at all, or that he committed family violence battery as alleged in the indictment. . . ."[11] Here, however, the evidence presented at trial supported theories that (1) Powell committed family violence battery by choking D. G., (2) Powell committed family violence battery by smothering D. G., or (3) Powell did not commit family violence battery.[12]

The State argues that when the trial court inquired whether there were any objections to its final charge, Powell's counsel replied that he had none and did not reserve the right to object later. "Generally, such would constitute waiver, but not where there was a substantial error in the charge that was harmful as a matter of law."[13] Therefore, no waiver occurred, and we must reverse Powell's conviction for family violence battery.[14]

3. Because we reverse Powell's conviction for family violence battery for the reason set forth in Division 2, we decline to address his remaining enumerations of error as moot.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 27, 2010.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.

---

[10] See *Doomes*, 261 Ga. App. at 444 (7) (b) (holding that a limiting instruction was necessary even if the indictment was read by the trial court to the jury and even if the indictment was sent in to deliberations with the jury); *Boone v. State*, 250 Ga. App. 133, 144 (16) (549 SE2d 713) (2001) (holding that the trial court erred by charging the jury with the Code section for aggravated assault because, in conjunction with the evidence presented at trial, the charge allowed the jury to convict the defendant on an alternative theory of aggravated assault that was not charged in the indictment – assault with the intent to rob or murder, as opposed to assault with a deadly weapon).

[11] 281 Ga. App. at 597 (2) (a).

[12] Compare id.

[13] (Footnote omitted.) *Coney v. State*, 290 Ga. App. 364, 369 (1) (659 SE2d 768) (2008).

[14] See id.; *Doomes*, 261 Ga. App. at 444 (7) (b).

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.