### A10A1177. WALLIN v. THE STATE.
(700 SE2d 837)

MILLER, Chief Judge.

Following a jury trial, Grady Joe Wallin, Jr., was convicted of aggravated assault (OCGA § 16-5-21 (a) (2)), two counts of battery (OCGA § 16-5-23.1 (a)), driving on a revoked license (OCGA § 40-5-121), operating an unregistered vehicle (OCGA § 40-2-8 (a)), and driving without insurance (OCGA § 40-6-10). Wallin contends that the trial court erred in charging the jury on battery and that his counsel provided ineffective assistance in failing to object to the charge. We find there is a reasonable probability that the jury convicted Wallin of committing battery in a manner not averred in the indictment. For this reason, we reverse Wallin's battery convictions. Otherwise, the judgment of conviction will stand affirmed.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that Wallin stormed into the victim's residence carrying a three-foot-long post with a bolt protruding from one end. Wallin swung the post repeatedly at the victim, striking him in the head, rib cage, and arm. Wallin then used a thrusting motion to jab the end of the post against the victim's chest. Eventually, Wallin grabbed the victim and held him face down in a recliner while he choked the victim and hit him with his fist. Wallin also bit the victim.

An officer stopped Wallin as he drove away from the scene. The van Wallin was driving did not have a tag. Nor did Wallin have a valid driver's license or insurance on the vehicle.

1. Wallin contends that the trial court's charge erroneously authorized the jury to find him guilty of committing battery by intentionally causing substantial physical harm, a method of committing the crime not alleged in the indictment. Although Wallin did not object to the allegedly erroneous charge, regardless of objection "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law. . . ." OCGA § 5-5-24 (c).

Consistent with the statutory definition of battery, the trial court instructed the jury that "[a] person commits the offense of

battery when that person intentionally causes substantial[ ] physical harm or visible bodily harm to another." See OCGA § 16-5-23.1 (a). The indictment, however, alleged that Wallin committed one count of battery by "intentionally caus[ing] visible bodily harm to [the victim] by choking him." The indictment alleged that Wallin committed a second count of battery by "intentionally caus[ing] visible bodily harm to [the victim] by biting him."

Generally, it is not error to charge an entire Code section even though a portion of the charge may be inapplicable to the facts in evidence. See *Buice v. State*, 281 Ga. App. 595, 597 (2) (636 SE2d 676) (2006). Nevertheless,

> [t]he giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.

(Citation and punctuation omitted.) *Doomes v. State*, 261 Ga. App. 442, 444 (7) (b) (583 SE2d 151) (2003). Here, the trial court's instruction deviated from the indictment by charging the jury that battery could be committed by intentionally causing substantial physical harm. See *Powell v. State*, 304 Ga. App. 221, 223 (2) (695 SE2d 736) (2010) (charge was erroneous where the trial court instructed the jury with statutory language describing the alternative methods of committing battery, but the indictment alleged the commission of the crime by only one of the two methods). The trial court did not give an instruction limiting the jury's consideration of the battery charges to the manner alleged in the indictment. In addition, it is reasonably possible that the jury convicted Wallin on the unalleged manner of committing the crime. Compare *Kilpatrick v. State*, 276 Ga. 151, 154 (3) (575 SE2d 478) (2003) (where there is no reasonable probability that the jury convicted a defendant of committing the crime in a manner charged to the jury but not alleged in the indictment, the error is harmless). There is ample evidence that Wallin intentionally caused the victim substantial physical harm, including that, after having been beaten with a post, struck with a fist, choked, and bitten, the victim was "seeing . . . double," began to lose consciousness, and was sore and had difficulty standing. See *Powell*, supra, 304 Ga. App. at 224 (2) (conviction reversed where evidence showed that the defendant could have committed family violence battery by causing visible harm by choking the victim or by causing substantial physical harm in attempting to smother the victim with a pillow as alleged in the indictment). Compare

*Buice*, supra, 281 Ga. App. at 597 (2) (because the evidence authorized a finding that appellant committed no offense at all or that he committed family violence battery as alleged in the indictment, the discrepancy between the indictment and the trial court's charge did not present the jury with an alternate basis for finding guilt). The State concedes that the charge is reversible error. As there was substantial error in the charge as a matter of law, we reverse Wallin's battery convictions. *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995) (deviation between indictment and jury charge violated due process); *Powell*, supra, 304 Ga. App. at 224 (2) (defense counsel's failure to object to charge allowing the jury to convict appellant in manner not averred in indictment did not constitute waiver).

2. In light of our findings in Division 1, supra, Wallin's claim of ineffective assistance of counsel is moot. See *Ellzey v. State*, 272 Ga. App. 253, 258 (3) (612 SE2d 77) (2005).

3. Without argument or citation to authority, appellant concludes his appellate brief by contending that the trial court's alleged errors require the reversal of his aggravated assault conviction. We disagree. "Although distinct offenses were charged in separate counts in one indictment, they nevertheless retained their separate character to such an extent that error or failure as to one had no essential influence upon the other." (Citation and punctuation omitted.) *Wiggins v. State*, 280 Ga. 268, 272 (2) (626 SE2d 118) (2006). See *Powell*, supra, 304 Ga. App. at 222 (affirming appellant's conviction for false imprisonment notwithstanding that error in charge on family violence battery required reversal of the family violence battery conviction). Accordingly, we reverse Wallin's battery convictions and affirm Wallin's convictions for aggravated assault, driving on a revoked license, operating an unregistered vehicle, and driving without insurance.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 2010.

*Jennifer A. Trieshmann*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney*, for appellee.